BIANCA KAYLENE RUIZ
1353 West Bison Drive
Riverton, Utah 84065
808-250-3396
biancakayleneruiz@gmail.com



FILED US Bankruptcy Court-UT
JAN 5 2022 PM 12:59

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br>BIANCA KAYLENE RUIZ,<br>　　　　　　　Debtor. | Case No. 21-24823<br>Chapter 7 |
| BIANCA KAYLENE RUIZ,<br>　　　　　　　Plaintiff,<br>v.<br>JACOB RYAN RUIZ,<br>and<br>VIRGIL WAYNE HARDCASTLE,<br>　　　　　　　Defendants. | Honorable William T. Thurman |

## COMPLAINT PURSUANT TO 11 U.S.C. § 362(k) FOR
## VIOLATION OF THE AUTOMATIC STAY

BIANCA KAYLENE RUIZ, Plaintiff herein ("Plaintiff") for her Complaint Pursuant to
11 U.S.C. § 362(k) for Violation of the Automatic Stay against Defendants Jacob Ryan Ruiz and
Virgil Wayne Hardcastle states and alleges as follows:

### JURISDICTION AND VENUE

1.  The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28

    U.S.C. § 1334(b), and 28 U.S.C. § 157(a) and (b)(1).

2.  This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.  Venue in this district is proper under 28 U.S.C. § 1409(a).

4.  This adversary proceeding is commenced pursuant to Rule 7001(1) and (7) of the Federal

    Rules of Bankruptcy Procedure.



## PARTIES

5.    On November 10, 2021 ("Petition Date"), Plaintiff filed her petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code").

6.    Defendant Jacob Ryan Ruiz ("Defendant Ruiz") is a creditor and husband of the Debtor and has or may claim an interest in property of the estate.

7.    Defendant Ruiz is an individual who resides in Florida His address is 3005 Bent Oak Road, Pensacola, Florida, 32526.

8.    Defendant Virgil Wayne Hardcastle ("Defendant Hardcastle") is counsel to Defendant Ruiz in the parties' dissolution of marriage proceeding, case no. 19FL-0112 in the Kings Superior Court of California.

9.    Defendant Hardcastle is an individual who resides in California. His offices are located at 429 North Redington Street, Hanford, California, 93230.

10.   Upon information and belief, Defendant Hardcastle has been engaged in the practice of law in the State of California for over 40 years.


## FACTS

### (pre-petition)

11.   In March 2017, Plaintiff and Defendant Ruiz entered into a car loan agreement jointly with Navy Federal Credit Union ("Mutual Loan").

12.   On March 11, 2019, Plaintiff filed her *Petition for Dissolution of Marriage* in the Kings Superior Court of California ("Divorce Case"), in case no. 19FL-0112.

13.   On June 22, 2021, Defendant Ruiz was ordered to pay Plaintiff $1,890.00 per month for child and spousal support combined. A true and correct copy of the Kings Superior Court's *Minutes and Order* is attached hereto as Exhibit 1.

14.   On October 4, 2021, Defendant Ruiz, through Defendant Hardcastle, filed and served a *Request for Order* ("Defendant's Motion") in the Kings Superior Court. A true and correct copy is attached hereto as Exhibit 2 (p.21).

15.   Two requests in *Defendant's Motion* are relevant to this Complaint:

    a.   "I therefore request an order of the Court that Mrs. Ruiz make the payments on the vehicle she drives." (Exhibit 2, p.31, ln.17-18)

    b.   "I also request that Petitioner pay me back the $506.85 that was taken from my savings account." (Exhibit 2, p.31, ln.18-19)

16.   Kings Superior Court set a hearing on *Defendant's Motion* for Tuesday, December 7, 2021.

## FACTS

### (post-petition)

17.   On November 10, 2021 ("Petition Date"), Plaintiff filed her petition for relief under Chapter 7 of the Bankruptcy Code ("Plaintiff's Petition") in the Utah Bankruptcy Court, case no. 21-24823. A true and correct copy of the *Notice of Bankruptcy Case Filing* is attached hereto as part of Exhibit 3 (p.35).

18.   On November 12, 2021, Plaintiff filed and served a *Notice of Stay of Proceedings* in the Kings Superior Court. A true and correct copy with proof of service is attached hereto as Exhibit 3 (p.33).

19.   On November 24, 2021, Defendant Ruiz, through Defendant Hardcastle, filed and served his *Reply Declaration*. A true and correct copy is attached hereto as Exhibit 4 (p.38).

20.   Defendant's Reply *Declaration* includes one request and one statement that are relevant to this Complaint:

    a.   "I ask that I be allowed to make that payment directly and to deduct the amount of the payment (i.e. $506.85) from child and spousal support otherwise payable in this matter." (Exhibit 4, p.44, ln.12-14)

    b.   "I have received notice that Petitioner has now filed for bankruptcy." (Exhibit 4, p.44, ln.15)

21.   At the time Defendant Ruiz requested setoff against Petitioner in his November 24, 2021 *Reply Declaration*, Defendants Ruiz and Hardcastle knew of Plaintiff's bankruptcy filing (Exhibit 3, p.34; Exhibit 4, p.44, ln.15).

22.   On December 7, 2021, Defendants Ruiz and Hardcastle appeared in the Kings Superior Court hearing (Exhibit 5, p.48) and asserted the right to setoff Mutual Loan payments against Plaintiff's support income and arrearages.

23.   The Mutual Loan arose before the before the commencement of the bankruptcy case, in March of 2017 (¶11 above).

24.   At the time of their appearance at the hearing, and while arguing for a setoff order, Defendants Ruiz and Hardcastle knew of Plaintiff's bankruptcy filing (Exhibit 3, p.34; Exhibit 4, p.44, ln.15).

25.   A true and correct copy of the *Minutes and Order* entered and filed by Kings Superior Court on December 7, 2021 is attached hereto as Exhibit 5 (p.47).

26.   In the December 7, 2021 *Minutes and Order* (Exhibit 5, p.47), the Kings Superior Court made certain findings and orders relevant to this complaint:

    a.   Acknowledgement of Plaintiff's bankruptcy no. 21-24823 (p.48).

    b.   Acknowledgement of Defendant Ruiz' Mutual Loan payments (p.48).

    c.   Ordered Defendant Ruiz to pay Mutual Loan payments (p.50).

    d.   Ordered a dollar-for-dollar setoff of Defendant Ruiz' Mutual Loan payments against Plaintiff's support income and arrearages (p.50).

27.   On December 13, 2021, Plaintiff filed and served her *Notice of Appeal* to the California Fifth Appellate District Court of Appeal ("Appeals Court"), appealing the Kings Superior Court's order of December 7, 2021. A true and correct copy of the *Notice of Appeal* is attached hereto as Exhibit 14 (p.91).

28.   On December 15, 2021, Petitioner filed and served her *Record Designation* to the Appeals Court. A true and correct copy is attached hereto as Exhibit 15 (p.94).

29.   On December 15, 2021, Plaintiff filed and served her *Motion for Reconsideration* of the December 7, 2021 *Minutes and Order* (Exhibit 5, p.47) in the Kings Superior Court. A true and correct copy of with proof of service is attached hereto as Exhibit 6 (p.52).

30.   Kings Superior Court set a hearing on the *Motion for Reconsideration* for Thursday, January 27, 2022 (Exhibit 6, p.53).

31. On December 17, 2021, Plaintiff filed and served her *Civil Case Information Statement* to the Appeals Court. A true and correct copy is attached hereto as Exhibit 16 (p.106).

32. On December 22, 2021, Defendant Hardcastle requested a continuance on Petitioner's *Motion for Reconsideration.* A true and correct copy of his letter is attached hereto as Exhibit 7 (p.68).

33. Also on December 22, 2021, Plaintiff replied to Defendant Hardcastle. A true and correct copy of the letter is attached hereto as Exhibit 8 (p.70).

34. In her December 22, 2021 reply letter (Exhibit 8, p.71), Plaintiff states that the order is in violation of both the Bankruptcy Code and California Law. Plaintiff also explains that the setoff will take away funds needed to support her children.

35. On December 23, 2021, Plaintiff asked Defendant Hardcastle to agree to abandon the setoff order before its effects are felt on January 1, 2022. A true and correct copy of the letter is attached hereto as Exhibit 9 (p.72).

36. On December 27, 2021, Petitioner filed and served her *Notice of Violation of Stay* in the Kings Superior Court. A true and correct copy is attached hereto as Exhibit 10 (p.74).

37. As of January 3, 2022, Defendant Ruiz had paid a total of $2,027.40 on the Mutual Loan. A true and correct copy of the Transaction History is attached hereto as Exhibit 11 (p.83).

38. On January 3, 2022, Defendant Ruiz' support arrearage in the amount of $1,798.32 was set to $0. A true and correct copy of Petitioner's California Department of Child Support Services ("DCSS") Case Details, retrieved on January 3, 2022, is attached hereto as Exhibit 12 (p.85).

39. On January 3, 2022, Plaintiff received her January support payment in the amount of $1,660.92. This amount is $229.08 less than the $1,890.00 monthly support amount ordered by Kings Superior Court (¶13 above; Exhibit 1, p.14). A true and correct copy of Petitioner's bank deposit together with the DCSS payment history is attached hereto as Exhibit 13 (p.88).

40. The $1,798.32 of support arrearages forgiven (¶37 above), plus the reduction in January's support payment of $229.08 (¶38 above), equals a total of $2,027.40. This is the exact amount Defendant Ruiz had paid on the Mutual Loan as of January 3, 2022 (¶36 above;

<u>Exhibit 11</u>, p.84).

## **ARGUMENT**

41.　11 U.S.C. § 553 recognizes and preserves the right of setoff under applicable non-bankruptcy law, such as state law. In this case, however, California Law does not permit setoffs against child or spousal support obligations or arrearages (summarized from my legal arguments on pages 76-78).

42.　California public policy and law prohibit setoff or garnishment of child or spousal support obligations or arrearages (summarized from my legal arguments on pages 60 and 77-78). Additional legal arguments:

a.　*Williams v. Williams* (1970) 8 Cal.App.3d 636, 639: "Considering defendant's contention that his alimony obligation may be set off against plaintiff's indebtedness to him, we observe that it is well settled in this state that there can be no such offset. The rationale behind such rule is that alimony is not an ordinary debt but a marital duty of the husband to support his wife. To allow such a setoff would amount to retroactive alteration of alimony payments"

b.　*Williams* at pp.639-640: "An order for child support, like alimony, is not an 'ordinary debt' but rather a court-imposed obligation to provide for one's child. . . the very nature of child support gravitates against the allowance of the setoff sought. Such support is strongly favored in the law and statutes providing for it are to be liberally construed to promote their purpose of protecting the family. To allow the offset ... would allow him to use child support funds to maintain property held in common by him and plaintiff."

c.　Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2014) ¶ 6:628, p. 6-244 (rev. #1, 2011): "a child support obligation cannot be satisfied through the obligor parent's performance of an entirely different (independent) obligation."

d.　*In re Marriage of Armato* (2001) 88 Cal.App.4th 1030, 1039: "[s]ince a child support obligation runs to the child and not the parent, a debt owed by the custodial

parent to the supporting parent generally cannot be offset against child support arrearages"

  e.  *In re Marriage of Comer* (1996) 14 Cal.4th 504, 517: "The child support obligation runs to the child and not the parent... Accordingly, the child's right to such support cannot be limited or abrogated by his or her parents."

43.   Defendants Ruiz and Hardcastle have repeatedly and willfully ignored all documentation of Plaintiff's Chapter 7 filing and the automatic stay. In willful violation of the automatic stay, they continue to pursue the setoff order obtained in the Kings Superior Court while ignoring all efforts expended by Plaintiff as outlined in paragraphs 17-39 above.

44.   Plaintiff has been injured by this abuse in that she has had to incur considerable time, effort, and expenses in attempting to prevent the setoff order and the real damages of setoff in the amount of $2,027.40. It would be appropriate for the Court to enter an order requiring Defendants Ruiz and Hardcastle to immediately repair the damage they have caused.

45.   Under 11 U.S.C. § 362(a)(1), upon the filing of a bankruptcy petition, an automatic stay arises to bar the commencement or continuation of debt collection efforts against the debtor. A party violating the automatic stay through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to § 362(h). *Eskanos & Adler, P.C. v. Leetien* 309 F3d 1210 C.A.9, (2002).

46.   In the present matter, Defendants Ruiz and Hardcastle have attempted collection through a non-bankruptcy forum in the form of a California Divorce Hearing. In complete disregard of all efforts expended by Plaintiff (¶¶17-39), Defendants obtained an order for setoff under a non-bankruptcy forum with full knowledge of the automatic stay and executed it.

47.   Section 362(a)(6) specifically prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." In the present matter, Defendants Ruiz and Hardcastle are attempting to collect a claim that arose before the commencement of the bankruptcy case in March of 2017: The joint car loan from Navy Federal Credit Union (see ¶11 above).

48. Section 362(a)(7) stays "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor" In the present matter, Defendant Ruiz setoff his support arrearage owed to Plaintiff against his payments of the Mutual Loan.

49. Further, Defendants Ruiz and Hardcastle's post-petition setoff was a willful violation of 11 U.S.C. §362. Under the Automatic Stay provision (11 U.S.C. § 362), a willful violation is satisfied if a party had notice of the automatic stay, and its actions in violation of the stay were intentional. *Pinkstaff v. United States* (*In re Pinkstaff*), 974 F.2d 113, 115 (9th Cir.1992). A technical or inadvertent violation, on the other hand, occurs if acts to collect a debt are taken without knowledge of the stay. *Walters v. Sherwood Municipal Court*, (*In re Walters*), 219 B.R. 520, 526 (Bank.W.D. Ark, 1998).

50. In the present case, Defendants Hardcastle and Ruiz received notice of the automatic stay through all possible avenues available to Plaintiff (see paragraphs 17-39 above). Plaintiff has served notices of the bankruptcy and the stay violations. Plaintiff has filed and served a *Motion for Reconsideration* in the Kings Superior Court, Plaintiff has written Defendants letters. Plaintiff has filed and served appeal notifications in the California Appeals Court. Just to name a few.

51. Even if Defendants' setoff attempt was inadvertent to begin with, "an innocent stay violation can become willful if the creditor fails to remedy the violation after receiving notice of the stay." *Diviney v. NationsBank of Texas* (*In re Diviney*), 225 B.R. 762, 774 (10th Cir. BAP1998). Defendants' violation became willful when Defendants were served with Plaintiff's *Notice of Stay of Proceedings* on November 12, 2021. Additionally, Defendant Ruiz, through Defendant Hardcastle, acknowledged receiving notice of the stay in his November 24, 2021 Reply Declaration (Exhibit 4, p.44): "I have received notice that Petitioner has now filed for bankruptcy."

52. The purpose of filing for relief under Title 11 is to obtain relief. It is offensive to Petitioner to be setoff by Defendants Ruiz and Hardcastle who have been notified of the bankruptcy case. Defendants' violation of 11 U.S.C. §§ 362 has caused the Plaintiff mental anguish and frustration. It has also caused Plaintiff to expend effort and time in attempting to correct the violation, time that could have been used in more productive

ways. The violation has also caused the Plaintiff to incur expenses that she is in no position to pay. It is repugnant that Defendants Ruiz and Hardcastle show so little regard for the Bankruptcy Code. Especially Defendant Hardcastle who has been a licensed attorney for over 40 years.

53. Defendants Hardcastle and Ruiz' actions are arrogant and in clear violation of the Bankruptcy Code. Plaintiff seeks the imposition of sanctions against both Defendants such that any and all debt owed or alleged to be owed by Plaintiff be voided. Further, under 11 U.S.C. 362(k), Plaintiff seeks actual damages and punitive damages.

54. Under *State Farm Mutual v. Campbell*, 538 U.S. 408, 424-425 (2003), the Court cited to *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) to analyze punitive damages. *Gore* used three different guideposts to determine punitive damages. Turning to the second guidepost, the Court shared their reluctance to identify concrete constitutional limits on the ratio between harm, or potential harm, to the plaintiff and the punitive damages award. However, the Court stated that in practice, few awards exceeding a single digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process. (*State Farm Mutual v. Campbell* at 425). Nonetheless, because there are no rigid benchmarks that a punitive damages award may not surpass, ratios greater than those previously upheld may comport with due process where "a particularly egregious act has resulted in only a small amount of economic damages." (*Id.* at 425).

55. Here, Defendant Ruiz and Defendant Hardcastle's "egregious" attitude toward Plaintiff is evidenced by their initial disregard of receipt of a violation notice with supporting law, then continuing to pursue the order and setoff after numerous forms of notice justifies at least punitive damages of no less than a 9 to 1 ratio of actual damages to compensatory damages.

## CLAIM FOR RELIEF

(Violation of Automatic Stay – 11 U.S.C. § 362(k)(1) –

Damages and Injunctive Relief)

WHEREFORE, Plaintiff prays for judgment as follows:

56.    That Defendant Ruiz and Defendant Hardcastle be found to have willfully violated the automatic stay pursuant to 11 U.S.C. § 362(k)(1).

57.    That Plaintiff be awarded actual damages of $2,027.40 or an amount to be determined by the court.

58.    That Plaintiff be awarded costs and reasonable attorney fees in an amount to be proved at trial.

59.    That punitive damages be awarded against Defendant Ruiz and Defendant Hardcastle, jointly, in the amount of $18,246.60 (9:1 ratio) or an amount to be determined by the court.

60.    That any claim filed by Defendant Ruiz or Defendant Hardcastle be disallowed as sanctions for their willful conduct.

DATED: January 5, 2022            *Bianca Ruiz*

Bianca Kaylene Ruiz
Plaintiff, Debtor
1353 West Bison Drive
Riverton, Utah 84065
808-250-3396
biancakayleneruiz@gmail.com

FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> BIANCA KAYLENE RUIZ | **DEFENDANTS** <br> JACOB RYAN RUIZ, VIRGIL WAYNE HARDCASTLE |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT PURSUANT TO 11 USC 362(k) FOR VIOLATION OF THE AUTOMATIC STAY

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or, Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability – §523(a)(5), domestic support
☐ 68-Dischargeability – §523(a)(6), willful and malicious injury
☐ 63-Dischargeability – §523(a)(8), student loan
☐ 64-Dischargeability – §523(a)(15), divorce/sep property settlement/decree
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>**BIANCA KAYLENE RUIZ** | BANKRUPTCY CASE NO.<br>**21-24823** | |
| DISTRICT IN WHICH CASE IS PENDING<br>**DISTRICT OF UTAH** | DIVISIONAL OFFICE | NAME OF JUDGE<br>**WILLIAM T. THURMAN** |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court.  In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system.  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

*Case No. 21-24823, Chapter 7*
*Honorable William T Thurman*
*Debtor Bianca Kaylene Ruiz*
*Complaint Pursuant to 11 U.S.C. § 362(k) for Violation of the Automatic Stay*

# INDEX OF EXHIBITS

| DESCRIPTION | LOCATION | PAGE #(s) |
| --- | --- | --- |
| Index of Exhibits | | 11 |
| 06-22-2021 Minutes and Order | Exhibit 1 | 12 |
| 10-04-2021 Request for Order | Exhibit 2 | 21 |
| 11-12-2021 Notice of Stay of Proceedings | Exhibit 3 | 33 |
| 11-24-2021 Reply Declaration | Exhibit 4 | 38 |
| 12-07-2021 Minutes and Order | Exhibit 5 | 47 |
| 12-15-2021 Motion for Reconsideration | Exhibit 6 | 52 |
| 12-22-2021 Letter from Defendant Hardcastle | Exhibit 7 | 68 |
| 12-22-2021 Letter to Defendant Hardcastle | Exhibit 8 | 70 |
| 12-23-2021 Letter to Defendant Hardcastle | Exhibit 9 | 72 |
| 12-27-2021 Notice of Violation of Stay | Exhibit 10 | 74 |
| 01-03-2022 Mutual Loan Transaction History | Exhibit 11 | 83 |
| 01-03-2022 Case Details: California Department of Child Support Services | Exhibit 12 | 85 |
| 01-03-2022 January Support Payment | Exhibit 13 | 88 |
| 12-13-2021 Notice of Appeal | Exhibit 14 | 91 |
| 12-15-2021 Appeal Record Designation | Exhibit 15 | 94 |
| 12-17-2021 Civil Case Information Statement | Exhibit 16 | 106 |

# EXHIBIT 1

06-22-2021 Minutes and Order

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF KINGS

CONFORMED COPY
ORIGINAL FILED ON

JUN 23 2021

MICHELLE S. MARTINEZ, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS

DEPUTY

**BIANCA KAYLENE RUIZ,**
Petitioner

vs.

**JACOB RYAN RUIZ,**
Respondent.

Date: **June 22, 2021**          Case Number: **19FL0112**
Court Commissioner:  **Brian N. Chase**
Clerk:  **Reyna Barajas**
Court Reporter:  **Jessica Cabral**
Bailiff: Liz Solano
Attorneys:
  Petitioner:  **Lacy Sanchez**
  Respondent:  **V. Wayne Hardcastle**
  Other Parent:

---

| MINUTES  AND  ☒ ORDER |
|---|

**NATURE OF HEARING:** ☐ Ex Parte
☒ Request for Order ☒ Modification ☒ Support  ☒ Fees & Costs  ☒ Spousal Support
☒  Other: **Case Management Conference**   ☐ Trial Setting Conference

☐ Certified . Language
  Interpreter       assisting
☐       sworn to interpret English into Spanish and Spanish
  into English and is assisting
☐       sworn to interpret English into Spanish and Spanish
  into English and is assisting

☒ Petitioner **present** Via BlueJeans with  counsel
☒ Respondent **present** Via Phone with  counsel
☐ Other Parent **not present**  without counsel

☐ No Appearances
☐ DCSS by

☐ **ON REQUEST OF** ,       ☐ **THE COURT ORDERS**
☐ **MATTER OFF CALENDAR** ☐ **MATTER TO BE**       **AT**      **In Department**
**For**
☒ The following are sworn and testify: ☒ Petitioner  ☐ Respondent ☐ Other Parent ☐
☐ Parties participated in child custody recommending counseling with
☐ Court has read and reviewed the child custody recommending counseling report filed on
☐ Petitioner ☒ Respondent ☐ Other Parent was served: ☒ personally on 04/28/2021 ☐ by mail on
☒   proof of service on file. ☒   response on file.
☒ **Case called at 2:11 p.m. Discussions held**
**Counsel Sanchez states her client's position for the record. Counsel Hardcastle states his client's position for the record.**
**Discussions held**
**Matter trailed**
**3:43 p.m. matter recalled and parties present.**
**Respondent states his position for the record. Petitioner states her position for the record.**
**Counsel Sanchez states her client's position for the record. Counsel Hardcastle states his client's position for the record.**
**Discussions held regarding income factors.**
**Petitioner states her position for the record.**
**Discussions held**
**Court to mail a copy of today's Minutes and Order to the parties.**

- Page 13 -

**COURT ORDERS:**
- ☐ Court adopts the ☐ in full ☐ with modifications ☐ see attachment(s)
- ☐ Matter referred to formal child custody recommending counseling. Appointment set for ___ at ___ with ___ . ☐ All documents to be seen by child custody recommending counselor to be submitted ___ days prior to appointment.
  - ___ may call in for the counseling appointment.
- ☐ legal custody to ☐ physical care & custody of ___ minor ___ to ___ .
- ☐ Primary residence with
- ☐ ___ to maintain health insurance for the ___ if available at a nominal or reasonable cost.
- ☐ Each party pay for one-half of ☐ uncovered health care expenses ☐ work/school related childcare expenses.
- ☐ Each party to arrange and pay their own childcare expenses.
- ☒ **Respondent to pay attorney fees in the sum of $2,000.00 payable at the rate of $200.00 per month commencing July 1, 2021**
  - ☐ with 10 day acceleration clause.
- ☐ Firearm restriction granted. ☐ Unlawful communication maybe recorded.
- ☐ Personal conduct restraint imposed as to; ☐ Petitioner ☐ Respondent
- ☐ Property restraint issued as to; ☐ Petitioner ☐ Respondent ☐ Mutually ☐
- ☐ ___ shall have use of: ☐ Residence ☐ Vehicle ☐ ___ ☐
- ☐ stay ___ from ☐ residence ☐ work place ☐ school ☐ child care facility ☐ vehicle
- ☐ ☐ Other:
- ☐ Restraining orders ☐ temporary, pending next hearing ☐ remain in full force & effect for ___ months ☐
- ☐ Exception(s):
- ☐ Stipulation approved and ordered
- ☒ **Respondent to pay Child Support at the rate of $1690.00 per month on the 1st day of each month commencing May 1, 2021.**
- ☒ **Respondent to pay Spousal Support at the rate of $200.00 per month on the 1st day of each month commencing May 1, 2021.**
- ☐ Parties agree this is a non-guideline order and that the needs of the ___ will be met.
- ☒ **Respondent to pay child/spousal support arrearage of $3,780.00 at the rate of $50.00 per month commencing July 1, 2021.**
- ☐ Prior support orders ___ remain in effect. ☐ ___ joined into case.
- ☐ Wage assignment granted. ☐ Support payable to Department of Child Support Services

**VISITATION:**

| Name of Child | Date of Birth | Monthly Guideline Support |
|---|---|---|
| Kevin Ruiz | 9/21/2009 | |
| Bethany Ruiz | 4/26/2011 | |

- ☐ ___ is to have visitation on the ___ weekend of the month from ___ at ___ until ___ at
- ☐ Parties share a week to week custodial arrangement, exchanges on ___ at
- ☐ Alternate weekends starting: ___ with ___ from ___ at ___ until ___ at
- ☐ visitation as follows:

- ☐ Holidays and special occasions shall take precedence over the regular scheduled plan and shall not break the continuity of the plan.

- ☐ If Monday is a holiday, visitation shall extend to
- ☐ Supervised visitation ☐ Supervisor ___ . Visits will be supervised according to the 2014 California Rules of Court, Standard 5.20. ☐ Costs
- ☐ ___ to submit to ___ test ☐ and each pay for their own test. ☐ ___ submit to random ___ testing ☐ and each pay for their own test.
- ☐ ___ to pay for test in advance and provide notification to ___ to appear for test within ___ of notice depending on labs availability. If positive the ___ is to reimburse ___ . Any missed test is presumed a positive test. ___ to refrain from alcohol use ___ hours prior to and during visitation. ___ to totally refrain from illegal drug use.
- ☐ If during the visit, there is a concern for well being, law enforcement should be called.
- ☐ Visitation ___ if either party is under influence.
- ☐ No visitation with
- ☐

**TRANSPORTATION/TRAVEL/COMMUNICATION:**

☐     provide transportation
☐ Exchange at   .☐   minute grace period.
☐ Pickup at    and drop off at
☐ Exchange is to be at
☐ The  must be transported by licensed and insured driver. The vehicle must have legal child restraint devices.
☐ Right of first refusal
☐  shall have first right of refusal  .
☐ Other:
☐ For out of  travel by either parent; notice to be provided no less than    days in advance of requested travel.
☐   may contact the  by telephone
☐ Notice of Rights and Responsibilities.
☐ All prior orders   in place.
☐  ordered to seek work at least    places per week between now and next Court date, to bring completed Employment Search List and copies of at least the first page of all job applications or business card and to appear at next court date.
☐ Date of marriage is    and date of separation is  .
☐ Judgment of Dissolution of Marriage be granted. Jurisdictional date of
☐ Judgment of Nullity be granted. ☐ Judgment of Legal Separation be granted.
☐ Finds there are ☐ Irreconcilable Differences ☐
☐ Finds there    minor of the marriage.
☐ Each party waives spousal support and jurisdiction is terminated.
☐    Settlement Agreement approved and made a part of the Decree the same as if set forth in full therein, parties ordered to abide by the terms of said Agreement.
☐

☒ Other **Effective May 1, 2021, Respondent shall pay to Petitioner the sum of $200 per month for spousal support. This amount deviates down from Kings County guideline due to Petitioner's cohabitation and the lower cost of living in Utah where Petitioner resides.**

**Effective May 1, 2021, Respondent shall pay to Petitioner the sum of $1,690 per month for child support. This amount constitutes Guideline Child Support and includes an imputation of 25 hours of employment at the Utah minimum wage rate of $7.25/hr. in addition to her stated income.**

**As and for additional child support and spousal support, Father shall pay to Mother the amount indicated on the attached Monthly Overtime Wages Report for any income earned by Father in any given month that is in excess of $5,984. For any month in which Father is paid income in excess of $5,984, no later than the 10th day of the next month Father shall provide Mother with a copy of this paystubs from the preceding month along with payment for the additional child and spousal support provided for herein. Additionally, on the 10th day of January, April, July, and October of each year, Father shall provide Mother with a current paystub that reflects all income earned in the preceding calendar quarter.**

**Each party shall notify the other in writing of any change in their employment status or income within 5 calendar days of the change. The court reserves jurisdiction to modify support retroactive to the date of the change in the event a party fails to provide said notice. This reservation of jurisdiction will expire 30 days after the other party discovers the change or otherwise receives notice of the change unless he or she has filed a Request for Order seeking a modification of support based on the change prior to the expiration of the 30-day period.**

**BRIAN N.CHASE**

Dated: June 22, 2021

**Brian N. Chase
Court Commissioner**

☒ **Number of pages attached: 4**

☒ **Father Monthly Overtime Wages Report**
☒ **Notice of Rights and Responsibilities.**
☐  Child Custody Recommending Counseling Report
☐
☐

| PREPARED BY *(NAME AND ADDRESS)*: Commissioner Brian N. Chase Kings County Superior Court California | TELEPHONE NO: | Superior Court Of The State of California, County of COURT NAME: STREET ADDRESS: MAILING ADDRESS: BRANCH NAME: |
|---|---|---|
| **Father Monthly Overtime Wages Report** 2021 Monthly | | CASE NUMBER: |

"R" denotes that Father is a recipient for the corresponding support

"CS%" is the percentage of Overtime paid as additional Child Support

"SS%" is the percentage of Overtime paid as additional Spousal Support

| Father's Gross Overtime | Basic CS% | Basic CS | Kings SS% | Kings SS | Total Basic CS | Total SS | Total Support CS+SS |
|---|---|---|---|---|---|---|---|
| 0 | 0.00 | 0 | 0.00 | 0 | 1,690 | 386 | 2,076 |
| 200 | 17.10 | 34 | 16.77 | 34 | 1,724 | 420 | 2,144 |
| 400 | 16.99 | 68 | 16.32 | 65 | 1,758 | 452 | 2,210 |
| 600 | 16.71 | 100 | 16.52 | 99 | 1,790 | 486 | 2,276 |
| 800 | 15.99 | 128 | 16.20 | 130 | 1,818 | 516 | 2,334 |
| 1,000 | 15.53 | 155 | 16.03 | 160 | 1,845 | 547 | 2,392 |
| 1,200 | 15.21 | 182 | 15.85 | 190 | 1,873 | 577 | 2,449 |
| 1,400 | 14.96 | 209 | 15.70 | 220 | 1,900 | 606 | 2,506 |
| 1,600 | 14.75 | 236 | 15.60 | 250 | 1,926 | 636 | 2,562 |
| 1,800 | 14.55 | 262 | 15.56 | 280 | 1,952 | 666 | 2,619 |
| 2,000 | 14.39 | 288 | 15.53 | 311 | 1,978 | 697 | 2,675 |
| 2,200 | 14.24 | 313 | 15.52 | 341 | 2,003 | 728 | 2,731 |
| 2,400 | 14.11 | 339 | 15.49 | 372 | 2,029 | 758 | 2,787 |
| 2,600 | 14.00 | 364 | 15.45 | 402 | 2,054 | 788 | 2,842 |
| 2,800 | 13.89 | 389 | 15.43 | 432 | 2,079 | 818 | 2,897 |
| 3,000 | 13.80 | 414 | 15.41 | 462 | 2,104 | 849 | 2,953 |
| 3,200 | 13.71 | 439 | 15.40 | 493 | 2,129 | 879 | 3,008 |
| 3,400 | 13.63 | 463 | 15.39 | 523 | 2,153 | 910 | 3,063 |
| 3,600 | 13.58 | 489 | 15.38 | 554 | 2,179 | 940 | 3,119 |
| 3,800 | 13.57 | 516 | 15.36 | 584 | 2,206 | 970 | 3,176 |
| 4,000 | 13.57 | 543 | 15.35 | 614 | 2,233 | 1,000 | 3,233 |
| 4,200 | 13.56 | 569 | 15.34 | 644 | 2,260 | 1,031 | 3,290 |
| 4,400 | 13.55 | 596 | 15.33 | 675 | 2,286 | 1,061 | 3,347 |
| 4,600 | 13.52 | 622 | 15.30 | 704 | 2,312 | 1,090 | 3,402 |
| 4,800 | 13.49 | 647 | 15.28 | 733 | 2,337 | 1,120 | 3,457 |

cfr (Rev. October, 2020) DissoMaster™ 2021-1a

**Father Monthly Overtime Wages Report**

Page 1 of 2
6/22/2021 8:57 PM
19FL0112.dm

| PETITIONER: | | | | | | | |
| RESPONDENT: | | | | | CASE NUMBER: | | |

## Father Monthly Overtime Wages Report, cont'd

| 5,000 | 13.46 | 673 | 15.26 | 763 | 2,363 | 1,149 | 3,512 |
|---|---|---|---|---|---|---|---|
| 5,200 | 13.43 | 698 | 15.24 | 793 | 2,388 | 1,179 | 3,567 |
| 5,400 | 13.40 | 724 | 15.23 | 822 | 2,414 | 1,209 | 3,622 |
| 5,600 | 13.37 | 749 | 15.22 | 852 | 2,439 | 1,238 | 3,677 |
| 5,800 | 13.35 | 774 | 15.21 | 882 | 2,464 | 1,268 | 3,732 |
| 6,000 | 13.32 | 799 | 15.20 | 912 | 2,489 | 1,298 | 3,787 |
| 6,200 | 13.29 | 824 | 15.19 | 942 | 2,514 | 1,328 | 3,842 |
| 6,400 | 13.27 | 849 | 15.18 | 972 | 2,539 | 1,358 | 3,897 |
| 6,600 | 13.25 | 874 | 15.18 | 1,002 | 2,564 | 1,388 | 3,952 |
| 6,800 | 13.22 | 899 | 15.17 | 1,032 | 2,589 | 1,418 | 4,007 |
| 7,000 | 13.20 | 924 | 15.18 | 1,062 | 2,614 | 1,449 | 4,063 |
| 7,200 | 13.19 | 950 | 15.18 | 1,093 | 2,640 | 1,480 | 4,119 |
| 7,400 | 13.17 | 975 | 15.19 | 1,124 | 2,665 | 1,510 | 4,175 |
| 7,600 | 13.16 | 1,000 | 15.20 | 1,155 | 2,690 | 1,541 | 4,231 |
| 7,800 | 13.14 | 1,025 | 15.20 | 1,186 | 2,715 | 1,572 | 4,287 |
| 8,000 | 13.13 | 1,050 | 15.21 | 1,217 | 2,740 | 1,603 | 4,343 |
| 8,200 | 13.13 | 1,077 | 15.25 | 1,250 | 2,767 | 1,637 | 4,404 |
| 8,400 | 13.15 | 1,105 | 15.29 | 1,285 | 2,795 | 1,671 | 4,466 |
| 8,600 | 13.16 | 1,132 | 15.34 | 1,319 | 2,822 | 1,705 | 4,528 |
| 8,800 | 13.18 | 1,159 | 15.38 | 1,353 | 2,850 | 1,740 | 4,589 |
| 9,000 | 13.19 | 1,187 | 15.42 | 1,388 | 2,877 | 1,774 | 4,651 |
| 9,200 | 13.20 | 1,214 | 15.46 | 1,422 | 2,904 | 1,809 | 4,713 |
| 9,400 | 13.21 | 1,241 | 15.50 | 1,457 | 2,932 | 1,843 | 4,775 |
| 9,600 | 13.21 | 1,269 | 15.54 | 1,492 | 2,959 | 1,878 | 4,837 |
| 9,800 | 13.22 | 1,296 | 15.57 | 1,526 | 2,986 | 1,913 | 4,899 |
| 10,000 | 13.23 | 1,323 | 15.61 | 1,561 | 3,013 | 1,947 | 4,960 |

(Rev. October, 2020)
DissoMaster™ 2021-1a

**Father Monthly Overtime Wages Report**

Page 2 of 2
6/22/2021 8:57 PM
19FL0112.dm

- Page 17 -

FL-192

# NOTICE OF RIGHTS AND RESPONSIBILITIES
## Health-Care Costs and Reimbursement Procedures
### IF YOU HAVE A CHILD SUPPORT ORDER THAT INCLUDES A PROVISION FOR THE REIMBURSEMENT OF A PORTION OF THE CHILD'S OR CHILDREN'S HEALTH-CARE COSTS AND THOSE COSTS ARE NOT PAID BY INSURANCE, THE LAW SAYS:

**1. Notice.** You must give the other parent an itemized statement of the charges that have been billed for any health-care costs not paid by insurance. You must give this statement to the other parent within a reasonable time, but no more than 30 days after those costs were given to you.

**2. Proof of full payment.** If you have already paid all of the uninsured costs, you must (1) give the other parent proof that you paid them and (2) ask for reimbursement for the other parent's court-ordered share of those costs.

**3. Proof of partial payment.** If you have paid only your share of the uninsured costs, you must (1) give the other parent proof that you paid your share, (2) ask that the other parent pay his or her share of the costs directly to the health-care provider, and (3) give the other parent the information necessary for that parent to be able to pay the bill.

**4. Payment by notified parent.** If you receive notice from a parent that an uninsured health-care cost has been incurred, you must pay your share of that cost within the time the court orders; or if the court has not specified a period of time, you must make payment (1) within 30 days from the time you were given notice of the amount due, (2) according to any payment schedule set by the health-care provider, (3) according to a schedule agreed to in writing by you and the other parent, or (4) according to a schedule adopted by the court.

**5. Disputed charges.** If you dispute a charge, you may file a motion in court to resolve the dispute, but only if you pay that charge before filing your motion. If you claim that the other party has failed to reimburse you for a payment, or the other party has failed to make a payment to the provider after proper notice has been given, you may file a motion in court to resolve the dispute. The court will presume that if uninsured costs have been paid, those costs were reasonable. The court may award attorney fees and costs against a party who has been unreasonable.

**6. Court-ordered insurance coverage.** If a parent provides health-care insurance as ordered by the court, that insurance must be used at all times to the extent that it is available for health-care costs.

**a. Burden to prove.** The party claiming that the coverage is inadequate to meet the child's needs has the burden of proving that to the court.

**b. Cost of additional coverage.** If a parent purchases health-care insurance in addition to that ordered by the court, that parent must pay all the costs of the additional coverage. In addition, if a parent uses alternative coverage that costs more than the coverage provided by court order, that parent must pay the difference.

**7. Preferred health providers.** If the court-ordered coverage designates a preferred health-care provider, that provider must be used at all times consistent with the terms of the health insurance policy. When any party uses a health-care provider other than the preferred provider, any health-care costs that would have been paid by the preferred health provider if that provider had been used must be the sole responsibility of the party incurring those costs.

Page 1 of 2

**NOTICE OF RIGHTS AND RESPONSIBILITIES**
**Health-Care Costs and Reimbursement Procedures**

Family Code, §§ 4062, 4063
www.courts.ca.gov

# INFORMATION SHEET ON CHANGING A CHILD SUPPORT ORDER

**FL-192**

**General Information**

The court has just made a child support order in your case. This order will remain the same unless a party to the action requests that the support be changed (modified). An order for child support can be modified only by filing a motion to change child support and serving each party involved in your case. If both parents and the local child support agency (if it is involved) agree on a new child support amount, you can complete, have all parties sign, and file with the court a *Stipulation to Establish or Modify Child Support and Order* (form FL-350) or *Stipulation and Order (Governmental)* (form FL-625).

**When a Child Support Order May Be Modified**

The court takes several things into account when ordering the payment of child support. First, the number of children is considered. Next, the net incomes of both parents are determined, along with the percentage of time each parent has physical custody of the children. The court considers both parties' tax filing status and may consider hardships, such as a child of another relationship. An existing order for child support may be modified when the net income of one of the parents changes significantly, the parenting schedule changes significantly, or a new child is born.

**Examples**

* You have been ordered to pay $500 per month in child support. You lose your job. You will continue to owe $500 per month, plus 10 percent interest on any unpaid support, unless you file a motion to modify your child support to a lower amount and the court orders a reduction.

* You are currently receiving $300 per month in child support from the other parent, whose net income has just increased substantially. You will continue to receive $300 per month unless you file a motion to modify your child support to a higher amount and the court orders an increase.

* You are paying child support based upon having physical custody of your children 30 percent of the time. After several months it turns out that you actually have physical custody of the children 50 percent of the time. You may file a motion to modify child support to a lower amount.

**How to Change a Child Support Order**

To change a child support order, you must file papers with the court. *Remember:* You must follow the order you have now.

**What forms do I need?**

If you are asking to change a child support order, you must fill out one of these forms:

* Form FL-300, *Request for Order or*
* Form FL-390, *Notice of Motion and Motion for Simplified Modification of Order for Child, Spousal, or Family Support*

You must also fill out one of these forms:

* Form FL-150, *Income and Expense Declaration or*
* Form FL-155, *Financial Statement (Simplified)*

**What if I am not sure which forms to fill out?**

Talk to the family law facilitator at your court.

**After you fill out the forms,** file them with the court clerk and ask for a hearing date. Write the hearing date on the form. The clerk may ask you to pay a filing fee. If you cannot afford the fee, fill out these forms, too:

* Form FW-001, *Request to Waive Court Fees*
* Form FW-003, *Order on Court Fee Waiver (Superior Court)*

**You must serve the other parent.** If the local child support agency is involved, serve it too.

This means someone 18 or over—**not you**—must serve the other parent copies of your filed court forms at least **16 court days** before the hearing. Add **5 calendar days** if you serve by mail within California (see Code of Civil Procedure section 1005 for other situations). **Court days** are weekdays when the court is open for business (Monday through Friday except court holidays). **Calendar days** include all days of the month, including weekends and holidays. To find court holidays, go to *www.courts.ca.gov/holidays.htm*.

The server must also serve blank copies of these forms:

* Form FL-320, *Responsive Declaration to Request for Order and* form FL-150, *Income and Expense Declaration,or*
* Form FL-155, *Financial Statement (Simplified)*

Then the server fills out and signs a *Proof of Service* (form FL-330 or form FL-335). Take this form to the clerk and file it.

**Go to your hearing and ask the judge to change the support.** Bring your tax returns from the last two years and your last two months' pay stubs. The judge will look at your information, listen to both parents, and make an order. After the hearing, fill out:

* Form FL-340, *Findings and Order After Hearing and*
* Form FL-342, *Child Support Information and Order Attachment*

**Need help?**

Contact the family law facilitator in your county or call your county's bar association and ask for an experienced family lawyer.

---

FL-192 (Rev. January 1, 2021)

**NOTICE OF RIGHTS AND RESPONSIBILITIES**
**Health-Care Costs and Reimbursement Procedures**

Page 2 of 2

 Save this form

**Brian N. Chase**

| | |
|---|---|
| **From:** | Brian N. Chase |
| **Sent:** | Tuesday, June 22, 2021 9:04 PM |
| **To:** | Reyna Barajas |
| **Subject:** | 19FL0112 |

Effective May 1, 2021, Respondent shall pay to Petitioner the sum of $200 per month as and for spousal support. This amount deviates down from Kings County guideline due to Petitioner's cohabitation and the lower cost of living in Utah where Petitioner resides.

Effective May 1, 2021, Respondent shall pay to Petitioner the sum of $1,690 per month as and for child support. This amount constitutes Guideline Child Support and includes an imputation of 25 hours of employment at the Utah minimum wage rate of $7.25/hr. In addition to her stated income.

As and for additional child support and spousal support, Father shall pay to Mother the amount indicated on the attached Monthly Overtime Wages Report for any income earned by Father in any given month that is in excess of $5,984. For any month in which Father is paid income in excess of $5,984, no later than the 10th day of the next month Father shall provide Mother with a copy of this paystubs from the preceding month along with payment for the additional child and spousal support provided for herein. Additionally, on the 10th day of January, April, July, and October of each year, Father shall provide Mother with a current paystub that reflects all income earned in the preceding calendar quarter.

Each party shall notify the other in writing of any change in their employment status or income within 5 calendar days of the change. The court reserves jurisdiction to modify support retroactive to the date of the change in the event a party fails to provide said notice. This reservation of jurisdiction will expire 30 days after the other party discovers the change or otherwise receives notice of the change unless he or she has filed a Request for Order seeking a modification of support based on the change prior to the expiration of the 30-day period.

Brian N. Chase
Family Court Commissioner
Kings County Superior Court

$50 - July 1st

21DV0075
19FL0012

# EXHIBIT 2

10-04-2021 Request for Order

**FL-300**

| | |
|---|---|
| PARTY WITHOUT ATTORNEY OR ATTORNEY:<br>NAME: WAYNE HARDCASTLE   STATE BAR NO.: 074520<br>FIRM NAME: MAROOT, HARDCASTLE & JOLLY<br>STREET ADDRESS: 429 N. Redington Street<br>CITY: Hanford<br>   STATE: CA   ZIP CODE: 93230<br>TELEPHONE NO.: (559) 584-0131   FAX NO.: (559) 584-7625<br>E-MAIL ADDRESS: wayne@mhj.law<br>ATTORNEY FOR (name): JACOB RYAN RUIZ | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1640 Kings County Drive
MAILING ADDRESS: 1640 Kings County Drive
CITY AND ZIP CODE: Hanford, 93230
BRANCH NAME: Hanford Courthouse

PETITIONER: BIANCA KAYLENE RUIZ
RESPONDENT: JACOB RYAN RUIZ
OTHER PARENT/PARTY:

| REQUEST FOR ORDER [X] CHANGE [ ] TEMPORARY EMERGENCY ORDERS | CASE NUMBER: |
|---|---|
| [ ] Child Custody   [ ] Visitation (Parenting Time)   [X] Spousal or Partner Support<br>[X] Child Support   [ ] Domestic Violence Order   [X] Attorney's Fees and Costs<br>[ ] Property Control   [ ] Other (specify): | 19 FL 0112 |

### NOTICE OF HEARING

1. TO (name(s)): BIANCA KAYLENE RUIZ

   [X] Petitioner   [ ] Respondent   [ ] Other Parent/Party   [ ] Other (specify):

2. **A COURT HEARING WILL BE HELD AS FOLLOWS:**

   a. Date: 12/07/2021   Time: 1:30 p.m.   [X] Dept.: 4   [ ] Room.:
   b. Address of court   [X] same as noted above   [ ] other (specify):

3. **WARNING to the person served with the *Request for Order:*** The court may make the requested orders without you if you do not file a *Responsive Declaration to Request for Order* (form FL-320), serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. *(See form FL-320-INFO for more information.)*

   *(Forms FL-300-INFO and DV-400-INFO provide information about completing this form.)*

---

### COURT ORDER
*(FOR COURT USE ONLY)*

*It is ordered that:*

4. [ ] Time [ ] for service [ ] until the hearing is shortened. Service must be on or before *(date):*

5. [ ] A *Responsive Declaration to Request for Order* (form FL-320) must be served on or before *(date):*

6. [ ] The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows *(specify date, time, and location):*

7. [ ] The orders in *Temporary Emergency (Ex Parte) Orders* (form FL-305) apply to this proceeding and must be personally served with all documents filed with this *Request for Order.*

8. [ ] Other (specify):

Date: _____   _____
   JUDICIAL OFFICER

Page 1 of 4

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-300 [Rev. July 1, 2016] | **REQUEST FOR ORDER** | Family Code, §§ 2045, 2107, 6224,<br>6226, 6320–6326, 6380–6383;<br>Government Code, § 26826<br>Cal. Rules of Court, rule 5.92<br>www.courts.ca.gov<br>Westlaw Doc & Form Builder |

| | |
|---|---|
| PETITIONER: BIANCA KAYLENE RUIZ<br>RESPONDENT: JACOB RYAN RUIZ<br>OTHER PARENT/PARTY: | **FL-300**<br>CASE NUMBER:<br>19 FL 0112 |

### REQUEST FOR ORDER

**Note:** Place a mark [X] in front of the box that applies to your case or to your request. If you need more space, mark the box for "Attachment." For example, mark "Attachment 2a" to indicate that the list of children's names and birth dates continues on a paper attached to this form. Then, on a sheet of paper, list each attachment number followed by your request. At the top of the paper, write your name, case number, and "FL-300" as a title. (You may use *Attached Declaration* (form MC-031) for this purpose.)

1. ☐ **RESTRAINING ORDER INFORMATION**
   One or more domestic violence restraining/protective orders are now in effect between *(specify):*
   ☐ Petitioner  ☐ Respondent  ☐ Other Parent/Party *(Attach a copy of the orders if you have one.)*
   The orders are from the following court or courts *(specify county and state).*
   a. ☐ Criminal: County/state *(specify):*         Case No. *(if known):*
   b. ☐ Family: County/state *(specify):*           Case No. *(if known):*
   c. ☐ Juvenile: County/state *(specify):*         Case No. *(if known):*
   d. ☐ Other: County/state *(specify):*            Case No. *(if known):*

2. ☐ **CHILD CUSTODY**
   ☐ **VISITATION (PARENTING TIME)**                    ☐ I request temporary emergency orders
   a. I request that the court make orders about the following children *(specify):*

   | Child's Name | Date of Birth | ☐ Legal Custody to *(person who decides: health, education, etc):* | ☐ Physical Custody to *(person with whom child lives):* |
   |---|---|---|---|
   | | | | |

   b. ☐ The orders I request for ☐ child custody ☐ visitation (parenting time) are:        ☐ Attachment 2a.
   (1) ☐ Specified in the attached forms:
        ☐ Form FL-305   ☐ Form FL-311   ☐ Form FL-312   ☐ Form FL-341(C)
        ☐ Form FL-341(D)   ☐ Form FL-341(E)   ☐ Other *(specify):*
   (2) ☐ As follows *(specify):*                                                            ☐ Attachment 2b.

   c. The orders that I request are in the best interest of the children because *(specify):*        ☐ Attachment 2c.

   d. ☐ This is a change from the current order for ☐ child custody ☐ visitation (parenting time).
   (1) ☐ The order for legal or physical custody was filed on *(date):*              . The court ordered *(specify):*

   (2) ☐ The visitation (parenting time) order was filed on *(date):*              . The court ordered *(specify):*

   ☐ Attachment 2d.

| PETITIONER: BIANCA KAYLENE RUIZ | FL-300 |
| RESPONDENT: JACOB RYAN RUIZ | CASE NUMBER: |
| OTHER PARENT/PARTY: | 19 FL 0112 |

**3.** [X] **CHILD SUPPORT**

(Note: An earnings assignment may be issued. See *Income Withholding for Support (form FL-195)*)

a.  I request that the court order child support as follows:

Child's name and age               [X] I request support for each child        Monthly amount ($) requested
                                        based on the child support guideline.   (if not by guideline)

KEVIN RUIZ                                        12 years
BETHANY RUIZ                                      10 years

b.  [X] I want to change a current court order for child support filed on *(date):*6/22/2021          [ ] Attachment 3a.
The court ordered child support as follows *(specify):* $1,690 per month, commencing 5/1/2021.

c.  I have completed and filed with this *Request for Order* a current *Income and Expense Declaration* (form FL-150) or I filed a current *Financial Statement (Simplified)* (form FL-155) because I meet the requirements to file form FL-155.

d.  The court should make or change the support orders because *(specify):*          [ ] Attachment 3d.
SEE ATTACHMENT 10.

**4.** [X] **SPOUSAL OR DOMESTIC PARTNER SUPPORT**

(Note: An *Earnings Assignment Order For Spousal or Partner Support* (form FL-435) may be issued.)

a.  [ ] Amount requested *(monthly):* $

b.  [X] I want the court to [ ] change [X] end   the current support order filed on *(date):*6-22-2021
The court ordered $200.00                 per month for support.

c.  [ ] This request is to modify (change) spousal or partner support after entry of a judgment.
I have completed and attached *Spousal or Partner Support Declaration Attachment* (form FL-157) or a declaration that addresses the same factors covered in form FL-157.

d.  I have completed and filed a current *Income and Expense Declaration* (form FL-150) in support of my request.

e.  The court should should make, change, or end the support orders because *(specify):*          [ ] Attachment 4e.
SEE ATTACHMENT 10.

**5.** [ ] **PROPERTY CONTROL**

a.  The [ ] petitioner [ ] respondent [ ] other parent/party   [ ] I request temporary emergency orders
be given exclusive temporary use, possession, and
control of the following property that we [ ] own or are buying [ ] lease or rent *(specify):*

b.  The [ ] petitioner [ ] respondent [ ] other parent/party  be ordered to make the following payments on debts and liens coming due while the order is in effect:

Pay to: _____ For: _____ Amount: $ _____ Due date:_____
Pay to: _____ For: _____ Amount: $ _____ Due date:_____
Pay to: _____ For: _____ Amount: $ _____ Due date:_____
Pay to: _____ For: _____ Amount: $ _____ Due date:_____

c.  [ ] This is a change from the current order for property control filed on *(date):*

d.  Specify in Attachment 5d the reasons why the court should make or change the property control orders.

FL-300 [Rev. July 1, 2016]

**REQUEST FOR ORDER**
- Page 24 -

Page 3 of 4

| PETITIONER: BIANCA KAYLENE RUIZ<br>RESPONDENT: JACOB RYAN RUIZ<br>OTHER PARENT/PARTY: | FL-300 |
| --- | --- |
| | CASE NUMBER:<br>19 FL 0112 |

6. [ ] **ATTORNEY'S FEES AND COSTS**
  I request attorney's fees and costs, which total *(specify amount):* $ _____ . I filed the following to support my request:
  a. A current *Income and Expense Declaration (form FL-150).*
  b. A *Request for Attorney's Fees and Costs Attachment (form FL-319)* or a declaration that addresses the factors covered in that form.
  c. A *Supporting Declaration for Attorney's Fees and Costs Attachment (form FL-158)* or a declaration that addresses the factors covered in that form.

7. [ ] **DOMESTIC VIOLENCE ORDER**

   > • Do not use this form to ask for domestic violence restraining orders! Read *form DV-505-INFO, How Do I Ask for a Temporary Restraining Order,* for forms and information you need to ask for domestic violence restraining orders.
   > • Read *form DV-400-INFO, How to Change or End a Domestic Violence Restraining Order* for more information.

  a. The *Restraining Order After Hearing* (form DV-130) was filed on *(date):*
  b. I request that the court [ ] change [ ] end   the personal conduct, stay-away, move-out orders, or other protective orders made in *Restraining Order After Hearing* (form DV-130). *(If you want to change the orders, complete 7c.)*
  c. [ ] I request that the court make the following changes to the restraining orders *(specify):*      [ ] Attachment 7c.

  d. I want the court to change or end the orders because *(specify):*      [ ] Attachment 7d.

8. [X] **OTHER ORDERS REQUESTED** *(specify):*      [X] Attachment 10
  Respondent requests that the order for attorney's fees be vacated.

9. [ ] **TIME FOR SERVICE / TIME UNTIL HEARING**   I urgently need:
  a. [ ] To serve the *Request for Order* no less than *(number):* _____ court days before the hearing.
  b. [ ] The hearing date and service of the the *Request for Order* to be sooner.
  c. I need the order because *(specify):*      [ ] Attachment 9c.

10. [X] **FACTS TO SUPPORT** the orders I request are listed below. The facts that I write in support and attach to this request cannot be longer than 10 pages, unless the court gives me permission.      [X] Attachment 10.

I declare under penalty of perjury under the laws of the State of California that the information provided in this form and all attachments is true and correct.

Date: 30 SEP 2 )

JACOB RYAN RUIZ
(TYPE OR PRINT NAME)
                                          (SIGNATURE OF APPLICANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

FL-300 [Rev. July 1, 2016]                    **REQUEST FOR ORDER**                    Page 4 of 4

1   *Marriage of RUIZ*
    *Kings Co. Sup. Ct. #19 FL 0112*
2   *Attachment 10 to Request*
    *for Order*
3

4        I, JACOB R. RUIZ, declare that:

5   REDACTED

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTACHMENT 10 TO REQUEST FOR ORDER

S:\Shared Documents\R\Ruiz, Jacob\attachment 10 supporting declaration--smr.wpd

KCSC Case #19 FL 0112

1 | REDACTED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## ATTACHMENT 10 TO REQUEST FOR ORDER

S:\Shared Documents\R\Ruiz, Jacob\attachment 10 supporting declaration--smr.wpd

1   REDACTED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTACHMENT 10 TO REQUEST FOR ORDER

S:\Shared Documents\R\Ruiz, Jacob\attachment 10 supporting declaration--amr.wpd

KCSC Case #19 FL 0112

1  REDACTED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## ATTACHMENT 10 TO REQUEST FOR ORDER

S:\Shared Documents\R\Ruiz, Jacob\attachment 10 supporting declaration--snir.wpd

KCSC Case #19 FL 0112

1    REDACTED
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## ATTACHMENT 10 TO REQUEST FOR ORDER

S:\Shared Documents\R\Ruiz, Jacob\attachment 10 supporting declaration--smr.wpd

KCSC Case #19 FL 0112

1  REDACTED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16  REDACTED

17  . I therefore request an order of the Court

18  that Mrs. Ruiz make the payments on the vehicle that she drives.  I also request that Petitioner pay

19  me back the $506.85 that was taken from my savings account.  REDACTED
    REDACTED

20

21

22

23

24

25

26  If called as a witness, I can testify competently to the foregoing.

ATTACHMENT 10 TO REQUEST FOR ORDER

1        I declare under penalty of perjury under the laws of the State of California that the foregoing

2    is true and correct.

3        Executed this **30** day of September, 2021, at Pensacola, Florida.

4

5

6     JACOB R. RUIZ, Respondent

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ATTACHMENT 10 TO REQUEST FOR ORDER

E:\Shared Documents\AR\Ruiz, Jacob\attachment 10 supporting declaration--srw.wpd

# EXHIBIT 3

11-12-2021 Notice of Stay of Proceedings

Case 22-02000   Doc 1   Filed 01/05/22   Entered 01/05/22 13:19:36   Desc Main
Submitting party is not attorney of record
document   Page 36 of 60

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

**BIANCA KAYLENE RUIZ**
**1353 W BISON DR**
**RIVERTON UT 84065**

TELEPHONE NO.: 808-250-3396   FAX NO. (Optional):
E-MAIL ADDRESS (Optional): BIANCAKAYLENERUIZ@GMAIL.COM
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS**
STREET ADDRESS: 1640 KINGS COIUNTY DRIVE
MAILING ADDRESS: 1640 KINGS COUNTY DRIVE
CITY AND ZIP CODE: HANFORD 93230
BRANCH NAME: HANFORD COURTHOUSE

PLAINTIFF/PETITIONER: BIANCA KAYLENE RUIZ
DEFENDANT/RESPONDENT: JACOB RYAN RUIZ

**FILED**
11/12/2021 8:00 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

_____ **Deputy**
**Marilu Ponce**

| | |
|---|---|
| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER: 19FL-0112 |
| | JUDGE: HON. BRIAN CHASE  DEPT: 4 |

## To the court and to all parties:

1. Declarant (name): BIANCA KAYLENE RUIZ

   a. [✖] is [✖] the party  [ ] the attorney for the party   who requested or caused the stay.

   b. [ ] is [ ] the plaintiff or petitioner  [ ] the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. [✖] With regard to all parties.

   b. [ ] With regard to the following parties (specify by name and party designation):

3. Reason for the stay:

   a. [✖] Automatic stay caused by a filing in another court. (Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)

   b. [ ] Order of a federal court or of a higher California court. (Attach a copy of the court order.)

   c. [ ] Contractual arbitration under Code of Civil Procedure section 1281.4. (Attach a copy of the order directing arbitration.)

   d. [ ] Arbitration of attorney fees and costs under Business and Professions Code section 6201. (Attach a copy of the client's request for arbitration showing filing and service.)

   e. [ ] Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: NOVEMBER 11, 2021

BIANCA KAYLENE RUIZ
_____
(TYPE OR PRINT NAME OF DECLARANT)

*Bianca Ruiz*
_____
(SIGNATURE)

| Form Adopted for Mandatory Use | **NOTICE OF STAY OF PROCEEDINGS** | Page 1 of 1 |
|---|---|---|
| Judicial Council of California CM-180 [Rev. January 1, 2007] | | Cal. Rules of Court, rule 3.650 www.courts.ca.gov |

United States Bankruptcy Court
District of Utah

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 11/10/2021 at 3:31 PM and filed on 11/10/2021.

**Bianca Kaylene Ruiz**
1353 West Bison Drive
Riverton, UT 84065
808-250-3396
SSN / ITIN: xxx-xx-4651

The case was assigned case number 21-24823.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://www.utb.uscourts.gov/ or at the Clerk's Office, 350 South Main #301, Salt Lake City, UT 84101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

David A. Sime
Clerk, U.S. Bankruptcy Court

Case 22-02000   Doc 1   Filed 01/05/22   Entered 01/05/22 13:19:36   Desc Main
document   Page 38 of 60
Filing party is not attorney of record

**POS-040**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: BIANCA KAYLENE RUIZ | **FILED** |
| FIRM NAME: | 11/12/2021 9:24 AM |
| STREET ADDRESS: 1353 W BISON DR | Nocona Soboleski, Clerk of Court |
| CITY: RIVERTON     STATE: UT   ZIP CODE: 84065 | Superior Court of the State of California |
| TELEPHONE NO: 808-250-3396     FAX NO.: | County of Kings |
| E-MAIL ADDRESS: BIANCAKAYLENERUIZ@GMAIL.COM | *Marilu Ponce*        **Deputy** |
| ATTORNEY FOR (name): | **Marilu Ponce** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1640 KINGS COUNTY DRIVE
MAILING ADDRESS: 1640 KINGS COUNTY DRIVE
CITY AND ZIP CODE: HANFORD 93230
BRANCH NAME: HANFORD COURTHOUSE

Plaintiff/Petitioner: BIANCA KAYLENE RUIZ

Defendant/Respondent: JACOB RYAN RUIZ

| **PROOF OF SERVICE—CIVIL** | CASE NUMBER: 19FL-0112 |
|---|---|
| **Check method of service (only one):** | JUDICIAL OFFICER: HON. BRIAN CHASE |
| ☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery | DEPARTMENT: 4 |
| ☐ By Messenger Service   ☐ By Fax | |

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age and not a party to this action.

2. My residence or business address is:

   1353 W BISON DR, RIVERTON UT 84065

3. ☐ The fax number from which I served the documents is (complete if service was by fax):

4. On (date): NOVEMBER 12, 2021     I served the following documents (specify):
   NOTICE OF STAY OF PROCEEDINGS, DECLARATION OF BIANCA KAYLENE RUIZ REBUTTING THE COHABITATION PRESUMPTION

   ☐ The documents are listed in the Attachment to Proof of Service–Civil (Documents Served) (form POS-040(D)).

5. I served the documents on the person or persons below, as follows:
   a. Name of person served: WAYNE HARDCASTLE

   b. ☒ (Complete if service was by personal service, mail, overnight delivery, or messenger service.)
      Business or residential address where person was served:
      429 N REDINGTON ST, HANFORD CA 93232

   c. ☐ (Complete if service was by fax.)
      Fax number where person was served:

      ☐ The names, addresses, and other applicable information about persons served is on the Attachment to Proof of Service—Civil (Persons Served) (form POS-040(P)).

6. The documents were served by the following means (specify):
   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

**PROOF OF SERVICE—CIVIL**
(Proof of Service)

Page 1 of 3

Code of Civil Procedure, §§ 1011, 1013, 1013a,
2015.5; Cal. Rules of Court, rule 2.306
www.courts.ca.gov

| CASE NAME: | | POS-040 |
|---|---|---|
| BIANCA KAYLENE RUIZ v JACOB RYAN RUIZ | CASE NUMBER:<br>19FL-0112 | |

**6. b.** [X] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

   **(1)** [X] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   **(2)** [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):*  DRAPER UT

**c.** [ ] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

**d.** [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

**e.** [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  11-12-2021

CLINT J LINDSEY
       (TYPE OR PRINT NAME OF DECLARANT)            ▶           (SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and eight in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

       (NAME OF DECLARANT)            ▶           (SIGNATURE OF DECLARANT)

POS-040 [Rev. January 1, 2020]          **PROOF OF SERVICE—CIVIL**        Page 2 of 3
                      **(Proof of Service)**

# EXHIBIT 4

11-24-2021 Reply Declaration

1 │ WAYNE HARDCASTLE #074520
   │ MAROOT, HARDCASTLE & JOLLY
2 │ Attorneys at Law
   │ 429 N. Redington Street
3 │ Hanford, CA 93232
   │ (559) 584-0131
4 │ FAX: (559) 584-7625

5 │ Attorneys for Respondent: JACOB R. RUIZ

6

7

8 │        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 │            IN AND FOR THE COUNTY OF KINGS

10 │ In re the Marriage of:                    │ Case No. 19 FL 0112

11 │ Petitioner:  BIANCA KAYLENE RUIZ          │ REPLY DECLARATION OF
                                              │ RESPONDENT
12 │         and                               │ VIA ELECTRONIC SIGNATURE
                                              │ Date:  12-7-2021
13 │ Respondent: JACOB R. RUIZ                 │ Time:  1:30 p.m.
                                              │ Dept:  4
14

15 │        I, JACOB R. RUIZ, declare that:

16 │ REDACTED

17

18

19

20

21

22

23

24

25

26

REPLY DECLARATION OF RESPONDENT
1

S:\Shared Documents\R\Ruiz, Jacob\reply declaration to decs of wife--smr.wpd

CASE NO. 19 FL 0112

1  REDACTED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY DECLARATION OF RESPONDENT
2

1    REDACTED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY DECLARATION OF RESPONDENT

3

CASE NO. 19 FL 0112

1  REDACTED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY DECLARATION OF RESPONDENT
4

S:\Shared-Documents\R\Ruiz, Jacob\reply declaration to decs of wife--smr.wpd

CASE NO. 19 FL 0112

1   REDACTED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPLY DECLARATION OF RESPONDENT
5

1   REDACTED

2

3

4

5

6

7

8

9   REDACTED

10               . If Petitioner does not intend to make the payments on the vehicle in her

11     possession, I ask that it be returned to me so that I can sell it to apply the proceeds to that

12     loan. Alternatively, I ask that I be allowed to make that payment directly and to deduct the

13     amount of the payment (i.e. $506.85) from child and spousal support otherwise payable in

14     this matter.

15   22.    I have received notice that Petitioner has now filed for bankruptcy. REDACTED

16   REDACTED

17

18

19

20

21

22

23

24

25

26   ////

S:\Shared Documents\R\Ruiz, Jacob\reply declaration to decs of wife--smr.wpd                  CASE NO. 19 FL 0112

REDACTED

If called as a witness, I can testify competently to the foregoing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _23_ day of November, 2021, at Pensacola, Florida.

JACOB K. RUIZ, Respondent

REPLY DECLARATION OF RESPONDENT

7

S:\Shared Documents\K\Ruiz, Jacob\reply declaration to decl of wife--resc.wpd

CASE NO. 19 FL 0112

FL-335

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

WAYNE HARDCASTLE       SBN: 074520

MAROOT, HARDCASTLE & JOLLY

429 N. Redington Street

Hanford, CA 93230

TELEPHONE NO.:(559) 584-0131    FAX NO. *(Optional)*: (559) 584-7625

E-MAIL ADDRESS *(Optional)*: wayne@mhj.law

ATTORNEY FOR *(Name)*: JACOB RYAN RUIZ

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS**

STREET ADDRESS: 1640 Kings County Drive

MAILING ADDRESS: 1640 Kings County Drive

CITY AND ZIP CODE: Hanford, 93230

BRANCH NAME: Hanford Courthouse

PETITIONER/PLAINTIFF: BIANCA KAYLENE RUIZ

RESPONDENT/DEFENDANT: JACOB RYAN RUIZ

OTHER PARENT/PARTY:

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE BY MAIL** | 19 FL 0112 |
| | *(If applicable, provide):* |
| | HEARING DATE: December 7, 2021 |
| | HEARING TIME: 1:30 p.m. |
| | DEPT.: 4 |

**NOTICE:** To serve temporary restraining orders you must use personal service (see form FL-330).

1. I am at least 18 years of age, not a party to this action, and I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 429 N. Redington Street
Hanford, CA 93230

3. I served a copy of the following documents *(specify)*: Reply Declaration of Respondent and Declaration re Job Search

   by enclosing them in an envelope AND

   a. ☐ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

   b. ☒ placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. The envelope was addressed and mailed as follows:

   a. Name of person served: Lacey N. Sanchez, Attorney for Petitioner

   b. Address: LERANDEAU & LERANDEAU
      265 E. River Park Circle, Ste. 490, Fresno, CA 93720

   c. Date mailed: November 24, 2021

   d. Place of mailing *(city and state)*: Hanford, CA

5. ☐ I served a request to modify a child custody, visitation, or child support judgment or permanent order which included an address verification declaration. *(Declaration Regarding Address Verification—Postjudgment Request to Modify a Child Custody, Visitation, or Child Support Order* (form FL-334) *may be used for this purpose.)*

6. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November 24, 2021

SUSAN M. RINEHART

     (TYPE OR PRINT NAME)             (SIGNATURE OF PERSON COMPLETING THIS FORM)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
FL-335 [Rev. January 1, 2012]

**PROOF OF SERVICE BY MAIL**
**- Page 46 -**

Code of Civil Procedure, §§ 1013, 1013a
www.courts.ca.gov

# EXHIBIT 5

12-07-2021 Minutes and Order

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF KINGS



CONFORMED COPY
ORIGINAL FILED ON

DEC 07 2021

NOCONA SOBOLESKI, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
_____ DEPUTY

**BIANCA KAYLENE RUIZ,**
  Petitioner

  vs.

**JACOB RYAN RUIZ,**
  Respondent.

Date: **December 7, 2021**      Case Number: **19FL0112**
Court Commissioner: **Brian N. Chase**
Clerk: **Danielle Vesper / Rebecca Sanchez**
Court Reporter: **Brianna O'Sullivan**
Bailiff: **Nathaniel Hunt**
Attorneys:
  Petitioner: **Pro Per**
  Respondent:    **V. Wayne Hardcastle**
  Other Parent:

---

| MINUTES AND ☒ ORDER |
|---|

**NATURE OF HEARING:** ☒ Request for Order ☒ Support  ☒ Fees & Costs ☒ Spousal Support

☐ Certified  Language
Interpreter       assisting

☒ Petitioner present  with counsel via BlueJeans
☒ Respondent present via BlueJeans with counsel

☒ **THE COURT ORDERS ☒ MATTER TO BE CONTINUED TO  March 10, 2022 AT 1:30 p.m.  in Department 4
For  Evidentiary Hearing**
☒ **MATTER TO BE CONTINUED TO   March 11, 2022 AT 8:15 a.m.  in Department 4
For  Evidentiary Hearing**
☒ Petitioner ☐ Respondent ☐ Other Parent was served: ☐ personally on    ☒ by mail on 10/04/2021.
☐  proof of service on file. ☐  response on file.
☒  Case called at 2:36 p.m. Discussions held regarding Request for Order filed by attorney Sanchez that is currently
set for hearing 12/27/2021. Parties stipulate to advance the hearing on Motion to be Relieved as Counsel set for hearing
12/27/2021 to be heard today. Petitioner stipulates to relieve attorney Sanchez. Court deems attorney Lacey Sanchez
relieved as Counsel and Petitioner is proceeding in Pro Per.
**Counsel Hardcastle agrees to email a copy of today's Minute Order to Counsel Sanchez.**
**Counsel Hardcastle states his clients position for the record.**
**Discussions held. 3:07 p.m. Court takes recess.**
**3:55 p.m. case is recalled. All parties present again. Discussions held.**
**Court notes Petitioner's bankruptcy number 21-24823.**
**Court attaches the DissoMaster Calculation that was relied upon to make the current order filed 06/22/2021 to today's**
**Minute Order for reference purposes only.**
**Counsel Hardcastle states his client has 2002 Nissan Xterra and a Subaru.**
**Petitioner states she has a 2013 Audi in her possession.**
**Court notes based on the current circumstances and evidence before the Court, it does not make an order for attorney**
**fees and costs.**
**Counsel Hardcastle states the Respondent has made three payments of $506.85 for the 2013 Audi as of today's date.**
**Court provides Petitioner with a copy of local rules 722.**
**Witness and exhibit lists shall be exchanged and filed no later than 10 days before next hearing. The exhibits do not get**
**filed with the Court but shall be exchanged no later than 10 days before next hearing and 4 copies of each exhibit shall**
**be brought to the next hearing.**
**Petitioner shall use letters for their exhibits and Respondent shall use numbers for their exhibits.**
**Counsel Hardcastle and Petitioner both consent to electronic service.**

## COURT ORDERS:

☐ Court adopts the ☐ in full ☐ with modifications ☐ see attachment(s)
☐ Matter referred to formal child custody recommending counseling. Appointment set for    at
   with    . ☐ All documents to be seen by child custody recommending counselor to be submitted  days prior to
   appointment.
      may call in for the counseling appointment.
☐ legal custody to    ☐ physical care & custody of    minor  to    .
☐ Primary residence with
☐ to maintain health insurance for the   if available at a nominal or reasonable cost.
☐ Each party pay for one-half of ☐ uncovered health care expenses ☐ work/school related childcare expenses.
☐ Each party to arrange and pay their own childcare expenses.
☐ to pay attorney fees in the sum of    payable at the rate of    per  commencing
   ☐ with 10 day acceleration clause.
☐ Firearm restriction granted. ☐ Unlawful communication maybe recorded.
☐ Personal conduct restraint imposed as to; ☐ Petitioner ☐ Respondent
☐ Property restraint issued as to; ☐ Petitioner ☐ Respondent ☐ Mutually
☐ shall have use of: ☐ Residence    ☐ Vehicle    ☐
☐ stay    from ☐ residence ☐ work place ☐ school ☐ child care facility ☐ vehicle
   ☐ Other:
☐ Restraining orders ☐ temporary, pending next hearing ☐ remain in full force & effect for  months ☐
☐ Exception(s):
☐ Stipulation approved and ordered
☐ to pay    Child Support at the rate of    per  on the    day of each  commencing    .

☐ to pay    Spousal Support at the rate of    per  on the    day of each  commencing    .

☐ Parties agree this is a non-guideline order and that the needs of the  will be met.
☐ to pay  support arrearage of    at the rate of    per  commencing    .
☐ Prior support orders    remain in effect. ☐    joined into case.
☐ Wage assignment granted.    ☐ Support payable to Department of Child Support Services

## VISITATION:

| Name of Child | Date of Birth | Monthly Guideline Support |
|---|---|---|
| Kevin Ruiz | 9/21/2009 | |
| Bethany Ruiz | 4/26/2011 | |
| | | |
| | | |
| | | |

☐  is to have visitation on the    weekend of the month from  at    until  at
☐ Parties share a week to week custodial arrangement, exchanges on  at
☐ Alternate weekends starting:    with  from  at    until  at
☐  visitation as follows:

☐ Holidays and special occasions shall take precedence over the regular scheduled plan and shall not break the continuity of
the plan.

☐ If Monday is a holiday, visitation shall extend to
☐ Supervised visitation ☐ Supervisor    . Visits will be supervised according to the 2014 California Rules of Court,
Standard 5.20. ☐ Costs
☐  to submit to  test ☐ and each pay for their own test. ☐  submit to random  testing ☐ and each pay for their own test.
☐  to pay for test in advance and provide notification to  to appear for test within    of notice depending on labs
availability. If positive the  is to reimburse  . Any missed test is presumed a positive test.  to refrain from alcohol use
hours prior to and during visitation.  to totally refrain from illegal drug use.
☐ If during the visit, there is a concern for well being, law enforcement should be called.
☐ Visitation  if either party is under influence.
☐ No visitation with
☐

**TRANSPORTATION/TRAVEL/COMMUNICATION:**

☐      provide transportation

☐ Exchange at     ☐     minute grace period.

☐ Pickup at     and drop off at

☐ Exchange is to be at

☐ The   must be transported by licensed and insured driver. The vehicle must have legal child restraint devices.

☐ Right of first refusal

☐   shall have first right of refusal

☐ Other:

☐ Travel restriction with   ordered.     must

    have written permission from other parent or court order to take   out of

       a. ☐ The state of California.

       b. ☐ the following counties:

       c. ☐ other places:

☐ For out of   travel by either parent; notice to be provided no less than     days in advance of requested travel.

☐     may contact the   by telephone   .

☐ Notice of Rights and Responsibilities.

☐ All prior orders     in place.

☐   ordered to seek work at least     places per week between now and next Court date, to bring completed   Employment Search List and copies of at least the first page of all job applications or business card and   to appear at next court date.

☐ Date of marriage is     and date of separation is   .

☐ Judgment of Dissolution of Marriage be granted.   Jurisdictional date of   .

☐ Judgment of Nullity be granted. ☐ Judgment of Legal Separation be granted.

☐ Finds there are ☐ Irreconcilable Differences ☐

☐ Finds there     minor   of the marriage.

☐ Each party waives spousal support and jurisdiction is terminated.

☐       Settlement Agreement approved and made a part of the Decree the same as if set forth in full therein, parties ordered to abide by the terms of said Agreement.

☐   restored use of former name of   .

☐ Each party waives   disclosure. ☐ Each party waives equal division of property   debts.

☐ Proposed Judgment approved. ☐   to prepare Judgment and Notice of Entry of Judgment and provide 2 envelopes addressed to each party with sufficient postage.

☐ Holidays and special occasions with the   shall be shared between parents as mutually agreed upon at least     in advance. In the event the parents do not agree, holidays and special occasions with the   shall be as follows:

☐ The parent shall mutually agree upon enrolling the children in any extracurricular activities, which infringes upon the time the are with the other parent.

☒ **Other Effective 12/01/2021 the Court orders Respondent to pay the debt in his name that is associated with the 2013 Audi that is in Petitioner's possession. Respondent shall receive a dollar for dollar credit towards his child and spousal support obligation.**
**Court reserves jurisdiction over the issues of Child and Spousal support to the date of filing.**
**Each party shall file an updated Income and Expense Declaration 10 days before the next hearing.**

Dated:December 7, 2021

**BRIAN N.CHASE**

**Brian N. Chase**
**Court Commissioner**

☒ Number of pages attached: 1

☒ **(For Reference Only) 06/22/2021 DissoMaster**

☐ Additional Orders (English).

☐ Additional Orders (Spanish)

☐ Notice of Rights and Responsibilities.

☐ Child Custody Recommending Counseling Report

☐

| PREPARED BY (NAME AND ADDRESS): | TELEPHONE NO: | Superior Court Of The State of California, County of |
|---|---|---|
| **Commissioner Brian N. Chase** | | COURT NAME: |
| **Kings County Superior Court** | | STREET ADDRESS: |
| | | MAILING ADDRESS: |
| **California** | | BRANCH NAME: |

| DISSOMASTER REPORT | CASE NUMBER: |
|---|---|
| 2021, Monthly | |

| Input Data | Father | Mother | Guideline (2021) | | Cash Flow Analysis | Father | Mother |
|---|---|---|---|---|---|---|---|
| Number of children | 0 | 2 | **Nets (adjusted)** | | **Guideline** | | |
| % time with Secondary Parent | 15% | 0% | Father | 5,225 | Payment (cost)/benefit | (2,048) | 2,076 |
| Filing status | Single | HH/MLA | Mother | 2,607 | Net spendable income | 3,149 | 4,684 |
| # Federal exemptions | 1* | 3* | Total | 7,832 | % combined spendable | 40.2% | 59.8% |
| Wages + salary | 3,882 | 1,807 | **Support (Nondeductible)** | | Total taxes | 729 | (800) |
| 401(k) employee contrib | 0 | 0 | CS Payor | Father | # WHA | 2 | 4 |
| Self-employment income | 0 | 0 | Presumed | 1,690 | Net wage paycheck/mo | 3,116 | 1,634 |
| Other taxable income | 0 | 0 | Basic CS | 1,690 | Comb. net spendable | 7,832 | |
| Other nontaxable income | 2,102 | 0 | Add-ons | 0 | **Proposed** | | |
| New-spouse income | -0 | 0 | Presumed Per Kid | | Payment (cost)/benefit | (2,518) | 2,549 |
| Wages + salary | 0 | 0 | Child 1 | 580 | Net spendable income | 3,244 | 4,656 |
| Self-employment income | 0 | 0 | Child 2 | 1,110 | NSI change from gdl | 95 | (28) |
| Misc ordinary tax. inc. | 0 | 0 | SS Payor | Father | % combined spendable | 41.1% | 58.9% |
| SS paid other marriage | 0 | 0 | Kings | 386 | % of saving over gdl | 140.7% | -40.7% |
| Retirement contrib if ATI | 0 | 0 | Total | 2,076 | Total taxes | 181 | (300) |
| Required union dues | 0 | 0 | **Proposed, tactic 9** | | # WHA | 10 | 3 |
| Nec job-related exp. | 0 | 0 | CS Payor | Father | Net wage paycheck/mo | 3,517 | 1,601 |
| Adj. to income (ATI) | 0 | 0 | Presumed | 1,914 | Comb. net spendable | 7,900 | |
| SS paid other marriage | 0 | 0 | Basic CS | 1,914 | Percent change | 0.9% | |
| Partner support paid other partnerships | 0 | 0 | Add-ons | 0 | **Default Case Settings** | | |
| CS paid other relationship | 0 | 0 | Presumed Per Kid | | | | |
| Qual. Bus. Inc. Ded. | 0 | 0 | Child 1 | 732 | | | |
| Health insurance | 30 | 0 | Child 2 | 1,182 | | | |
| Itemized deductions | 0 | 0 | SS Payor | Father | | | |
| Other medical expenses | 0 | 0 | Kings | 634 | | | |
| Property tax expenses | 0 | 0 | Total | 2,548 | | | |
| Ded. interest expense | 0 | 0 | Savings | 68 | | | |
| Charitable contribution | 0 | 0 | Total releases to Father | 2 | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other gdl. deductions | 0 | 0 | | | | | |
| AMT info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 0 | | | | | |
| TANF,SSI and CS received | 0 | 0 | | | | | |

(Rev. October, 2020)
DissoMaster™ 2021-2

**DissoMaster Report (Monthly)**
**Commissioner Brian N. Chase, Kings County Superior Court**
- Page 51 -

Page 1 of 1
12/7/2021 4:20 PM
19FL0112.dm

# EXHIBIT 6

12-15-2021 Motion for Reconsideration

**FL-300**

| | | |
|---|---|---|
| **PARTY WITHOUT ATTORNEY OR ATTORNEY** | **STATE BAR NUMBER:** | **FOR COURT USE ONLY** |

NAME: BIANCA KAYLENE RUIZ
FIRM NAME:
STREET ADDRESS: 1353 W BISON DR
CITY: RIVERTON        STATE: UT        ZIP CODE: 84065
TELEPHONE NO.: 808-250-3396        FAX NO.:
E-MAIL ADDRESS: BIANCA KAYLENE RUIZ
ATTORNEY FOR (name): IN PRO PER

**FOR COURT USE ONLY**

FILED
12/15/2021 10:07 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings
*Marilu Ponce*        **Deputy**
Marilu Ponce

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
STREET ADDRESS: 1640 KINGS COUNTY DRIVE
MAILING ADDRESS: 1640 KINGS COUNTY DRIVE
CITY AND ZIP CODE: HANFORD 93230
BRANCH NAME: HANFORD COURTHOUSE

PETITIONER: BIANCA KAYLENE RUIZ
RESPONDENT: JACOB RYAN RUIZ
OTHER PARENT/PARTY:

| **REQUEST FOR ORDER**    [x] **CHANGE**    [ ] **TEMPORARY EMERGENCY ORDERS** | **CASE NUMBER:** |
|---|---|
| [ ] Child Custody    [ ] Visitation (Parenting Time)    [ ] Spousal or Partner Support<br>[x] Child Support    [ ] Domestic Violence Order    [ ] Attorney's Fees and Costs<br>[ ] Property Control    [x] Other (specify): | 19FL-0112 |

MOTION FOR RECONSIDERATION OF PRIOR ORDER
RE CHILD SUPPORT OFFSET

**NOTICE OF HEARING**

1. TO (name(s)): _____

    [ ] Petitioner    [ ] Respondent    [ ] Other Parent/Party    [ ] Other (specify):

2. **A COURT HEARING WILL BE HELD AS FOLLOWS:**

    | | |
    |---|---|
    | a. Date: 01/27/2022    Time: 1:30 PM    [x] Dept.: 4    [ ] Room.: | |
    | b. Address of court  [x] same as noted above    [ ] other (specify): | |

3. **WARNING to the person served with the *Request for Order:* The court may make the requested orders without you if you do not file a *Responsive Declaration to Request for Order* (form FL-320), serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. (See form FL-320-INFO for more information.)**

    *(Forms FL-300-INFO and DV-400-INFO provide information about completing this form.)*

---

**COURT ORDER**
*(FOR COURT USE ONLY)*

*It is ordered that:*

4. [ ] Time [ ] for service [ ] until the hearing  is shortened. Service must be on or before (date):

5. [ ] A *Responsive Declaration to Request for Order* (form FL-320) must be served on or before (date):

6. [ ] The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows (specify date, time, and location):

7. [ ] The orders in *Temporary Emergency (Ex Parte) Orders* (form FL-305) apply to this proceeding and must be personally served with all documents filed with this *Request for Order.*

8. [ ] Other (specify):

Date: _____        _____
                                    JUDICIAL OFFICER

Page 1 of 4

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-300 [Rev. July 1, 2016] | **REQUEST FOR ORDER** | Family Code, §§ 2045, 2107, 6224,<br>6226, 6320-6326, 6380-6383;<br>Government Code, § 26826<br>Cal. Rules of Court, rule 5.92<br>www.courts.ca.gov |

FL-300

| | |
|---|---|
| PETITIONER: BIANCA KAYLENE RUIZ<br>RESPONDENT: JACOB RYAN RUIZ<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>19FL-0112 |

## REQUEST FOR ORDER

**Note:** Place a mark ☒ in front of the box that applies to your case or to your request. If you need more space, mark the box for "Attachment." For example, mark "Attachment 2a" to indicate that the list of children's names and birth dates continues on a paper attached to this form. Then, on a sheet of paper, list each attachment number followed by your request. At the top of the paper, write your name, case number, and "FL-300" as a title. (You may use *Attached Declaration* (form MC-031) for this purpose.)

1. ☐ RESTRAINING ORDER INFORMATION
   One or more domestic violence restraining/protective orders are now in effect between *(specify):*
   ☐ Petitioner   ☐ Respondent   ☐ Other Parent/Party   *(Attach a copy of the orders if you have one.)*
   The orders are from the following court or courts *(specify county and state):*
   a. ☐ Criminal: County/state *(specify):*          Case No. *(if known):*
   b. ☐ Family: County/state *(specify):*            Case No. *(if known):*
   c. ☐ Juvenile: County/state *(specify):*          Case No. *(if known):*
   d. ☐ Other: County/state *(specify):*             Case No. *(if known):*

2. ☐ CHILD CUSTODY                                        ☐ I request temporary emergency orders
   ☐ VISITATION (PARENTING TIME)
   a. I request that the court make orders about the following children *(specify):*

   | Child's Name | Date of Birth | ☐ Legal Custody to *(person who decides: health, education, etc):* | ☐ Physical Custody to *(person with whom child lives):* |
   |---|---|---|---|
   | | | | |

   b. ☐ The orders I request for ☐ child custody ☐ visitation (parenting time) are:          ☐ Attachment 2a.
      (1) ☐ Specified in the attached forms:
          ☐ Form FL-305   ☐ Form FL-311   ☐ Form FL-312   ☐ Form FL-341(C)
          ☐ Form FL-341(D)  ☐ Form FL-341(E)  ☐ Other *(specify):*
      (2) ☐ As follows *(specify):*                                                        ☐ Attachment 2b.

   c. The orders that I request are in the best interest of the children because *(specify):*          ☐ Attachment 2c.

   d. ☐ This is a change from the current order for ☐ child custody ☐ visitation (parenting time).
      (1) ☐ The order for legal or physical custody was filed on *(date):*          . The court ordered *(specify):*

      (2) ☐ The visitation (parenting time) order was filed on *(date):*          . The court ordered *(specify):*

                                                                              ☐ Attachment 2d.

FL-300 [Rev. July 1, 2016]                      **REQUEST FOR ORDER**                      Page 2 of 4

**FL-300**

| | |
|---|---|
| PETITIONER: BIANCA KAYLENE RUIZ<br>RESPONDENT: JACOB RYAN RUIZ<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>19FL-0112 |

3. [X] **CHILD SUPPORT**
(Note: An earnings assignment may be issued. See *Income Withholding for Support* (form FL-195)

   a.  I request that the court order child support as follows:

| Child's name and age | [ ] I request support for each child based on the child support guideline. | Monthly amount ($) requested (if not by guideline) |
|---|---|---|

           [ ] Attachment 3a.

   b.  [X] I want to change a current court order for child support filed on *(date):* DECEMBER 7, 2021
      The court ordered child support as follows *(specify)*:

      REDUCTION OF CHILD SUPPORT PAYMENTS AND/OR ARREARS TO OFFSET RESPONDENT'S PAYMENT OF CAR DEBT

   c.  I have completed and filed with this *Request for Order* a current *Income and Expense Declaration* (form FL-150) or I filed
      a current *Financial Statement (Simplified)* (form FL-155) because I meet the requirements to file form FL-155.

   d.  The court should make or change the support orders because *(specify)*:      [ ] Attachment 3d.

      PLEASE SEE MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF BIANCA KAYLENE RUIZ, AND THE
      COURT'S ORDER OF DECEMBER 7, 2021 ATTACHED HERETO AND INCORPORATED HEREIN BY THIS REFERENCE

4. [ ] **SPOUSAL OR DOMESTIC PARTNER SUPPORT**
(Note: An *Earnings Assignment Order For Spousal or Partner Support* (form FL-435) may be issued.)

   a.  [ ] Amount requested *(monthly)*: $
   b.  [ ] I want the court to [ ] change [ ] end   the current support order filed on *(date)*:
      The court ordered $ _____ per month for support.
   c.  [ ] This request is to modify (change) spousal or partner support after entry of a judgment.
      I have completed and attached *Spousal or Partner Support Declaration Attachment* (form FL-157) or a declaration
      that addresses the same factors covered in form FL-157.
   d.  I have completed and filed a current *Income and Expense Declaration* (form FL-150) in support of my request.
   e.  The court should should make, change, or end the support orders because *(specify)*:   [ ] Attachment 4e.

5. [ ] **PROPERTY CONTROL**      [ ] I request temporary emergency orders

   a.  The [ ] petitioner [ ] respondent [ ] other parent/party  be given exclusive temporary use, possession, and
      control of the following property that we [ ] own or are buying [ ] lease or rent  *(specify)*:

   b.  The [ ] petitioner [ ] respondent [ ] other parent/party  be ordered to make the following payments on debts
      and liens coming due while the order is in effect:

      Pay to: _____ For: _____ Amount: $ _____ Due date: _____
      Pay to: _____ For: _____ Amount: $ _____ Due date: _____
      Pay to: _____ For: _____ Amount: $ _____ Due date: _____
      Pay to: _____ For: _____ Amount: $ _____ Due date: _____

   c.  [ ] This is a change from the current order for property control filed on *(date)*:
   d.  Specify in Attachment 5d the reasons why the court should make or change the property control orders.

FL-300 [Rev. July 1, 2016]          **REQUEST FOR ORDER**          **Page 3 of 4**

**FL-300**

| | CASE NUMBER: |
|---|---|
| PETITIONER: BIANCA KAYLENE RUIZ<br>RESPONDENT: JACOB RYAN RUIZ<br>OTHER PARENT/PARTY: | 19FL-0112 |

**6.** ☐ **ATTORNEY'S FEES AND COSTS**

I request attorney's fees and costs, which total *(specify amount):* $ _____ . I filed the following to support my request:

   a. A current *Income and Expense Declaration* (form FL-150).

   b. A *Request for Attorney's Fees and Costs Attachment* (form FL-319) or a declaration that addresses the factors covered in that form.

   c. A *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a declaration that addresses the factors covered in that form.

**7.** ☐ **DOMESTIC VIOLENCE ORDER**

   • Do not use this form to ask for domestic violence restraining orders! Read *form DV-505-INFO, How Do I Ask for a Temporary Restraining Order,* for forms and information you need to ask for domestic violence restraining orders.
   • Read *form DV-400-INFO, How to Change or End a Domestic Violence Restraining Order* for more information.

   a. The *Restraining Order After Hearing* (form DV-130) was filed on *(date):*

   b. I request that the court ☐ change ☐ end the personal conduct, stay-away, move-out orders, or other protective orders made in *Restraining Order After Hearing* (form DV-130). *(If you want to change the orders, complete 7c.)*

   c. ☐ I request that the court make the following changes to the restraining orders *(specify):* ☐ Attachment 7c.

   d. I want the court to change or end the orders because *(specify):* ☐ Attachment 7d.

**8.** ☒ **OTHER ORDERS REQUESTED** *(specify):* ☒ Attachment 8.

   Please see Attachment 8 attached hereto and incorporated herein by this reference

**9.** ☐ **TIME FOR SERVICE / TIME UNTIL HEARING   I urgently need:**

   a. ☐ To serve the *Request for Order* no less than *(number):* ____ court days before the hearing.

   b. ☐ The hearing date and service of the the *Request for Order* to be sooner.

   c. ☐ I need the order because *(specify):* ☐ Attachment 9c.

**10.** ☒ **FACTS TO SUPPORT** the orders I request are listed below. The facts that I write in support and attach to this request cannot be longer than 10 pages, unless the court gives me permission. ☐ Attachment 10.

   Please see Memorandum of Points and Authorities, Declaration of Bianca Kaylene Ruiz, and the Court's Order of December 7, 2021 attached hereto and incorporated herein by this reference.

I declare under penalty of perjury under the laws of the State of California that the information provided in this form and all attachments is true and correct.

Date: DECEMBER 15, 2021

_____
BIANCA KAYLENE RUIZ
(TYPE OR PRINT NAME)

▸ *Bianca Ruiz*
_____
(SIGNATURE OF APPLICANT)

**Requests for Accommodations**

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

For your protection and privacy, please press the Clear

## ATTACHMENT 8

Pursuant to Code of Civil Procedure 1008(a), Petitioner Bianca Kaylene Ruiz moves the court for an order granting reconsideration of Respondent's request for an offset of child support in the amount of his payment on Petitioner's car loan in his Request for Order filed October 4, 2021 and his Reply Declaration filed November 24, 2021, and for an order denying Respondent's request for an offset of child support in the amount of debt he paid on a car loan on the grounds of new/different statutes and case law which were not able to be presented at the time of the original hearing of December 7, 2021.

This motion will be further based upon this notice, the attached Memorandum of Points and Authorities, the Declaration of Bianca Kaylene Ruiz; upon the records and files in this action; and upon such further evidence and argument as may be presented prior to or at the time of hearing on the motion.

DATED: DECEMBER 15, 2021

*Bianca Ruiz*
Bianca Kaylene Ruiz,
Plaintiff in pro per

ATTACHMENT 8 TO MOTION FOR RECONSIDERATION

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This request for reconsideration arises from a hearing held on December 7, 2021 in the Kings County Superior Court, with the Honorable Commissioner Brian N. Chase presiding (Declaration of Bianca Kaylene Ruiz ("Ruiz Decl."), ¶2). Respondent Jacob Ryan Ruiz ("Respondent") filed a Request for Order on October 4, 2021 (Ruiz Decl., ¶3). Petitioner Bianca Kaylene Ruiz ("Petitioner") then filed a Responsive Declaration on November 18, 2021, and Respondent filed a Reply on November 24, 2021. The parties also filed various pleadings referred to in their moving papers prior to the hearing (Ruiz Decl., ¶4).

Respondent's request for reimbursement of past and future monthly payments made for the car in Petitioner's possession was granted (Ruiz Decl., ¶13; Court Order filed 12-07-2021("Order"), pg. 3). Petitioner's request for attorney's fees was not granted (Ruiz Decl., ¶14; Order, pg. 1) All other matters and consideration of evidence were set for an evidentiary hearing on March 11, 2022 (Ruiz Decl., ¶12).

The court ordered a dollar-for-dollar credit towards Respondent's future child and spousal support obligation, as well as arrearages, for his past and future payments of the debt associated with the 2013 Audi in Petitioner's possession. The court also ordered Respondent to continue to pay the monthly debt associated with the 2013 Audi in Petitioner's possession (Ruiz Decl., ¶13; Order, pg. 3). However, California law asserts that child and spousal support obligations and arrearages are not ordinary debts to be offset by debts owed by the supported parent.

### II. THE COURT IS AUTHORIZED TO RECONSIDER ITS PRIOR RULING UPON A SHOWING OF NEW OR DIFFERENT LAW

California Code of Civil Procedure § 1008(a) authorizes courts to reconsider and modify or revoke prior orders on the basis of new or different law, providing in relevant part as follows:

---

MEMORANDUM OF POINTS AND AUTHORITIES TO MOTION FOR RECONSIDERATION