"When an application for an order has been made to a judge, or to a court, and refused in whole or in part, or granted, or granted conditionally, or on terms, any party affected by the order may, within 10 days after service upon the party of written notice of entry of the order and based upon new or different facts, circumstances, or law, make application to the same judge or court that made the order, to reconsider the matter and modify, amend, or revoke the prior order."

The purpose of Code Civ. Proc. § 1008 is "to conserve the court's resources by constraining litigants who would attempt to bring the same motion over and over." Darling, Hall & Rae v. Kritt, 75 Cal. App. 4th 1148, 1157, 89 Cal. Rptr. 2d 676 (2d Dist. 1999), as modified on denial of reh'g, (Oct. 26, 1999).

A court has broad power to reconsider a prior order on the basis of new or different law. Farmers Insurance Exchange v. Superior Court, 218 Cal. App. 4th 96, 106, 159 Cal. Rptr. 3d 580 (2d Dist. 2013). When entertaining a motion to reconsider on the basis of new or different law, "the court may consider a number of factors in determining whether to exercise its discretion, including the importance of the change of law, the timing of the motion, and the circumstances of the case." Id at 107.

The party seeking reconsideration on the basis of new or different law must provide a satisfactory explanation for failing to produce the law at an earlier time. Baldwin v. Home Sav. Of America, 59 Cal. App. 4th 1192, 1200, 69 Cal. Rptr. 2d 592 (1st Dist. 1991) (holding that "the diligence requirement applicable to motions to reconsider on the basis of different facts is also applicable to motions to reconsider on the basis of different law").

The different laws that warrant reconsideration of the order made December 7, 2021, which are summarized in section three below, are as follows: *In re Marriage of Armato* (2001); *Williams v. Williams* (1970); *Keck v. Keck* (1933).

As stated in the Declaration of Bianca Kaylene Ruiz, the case laws and statutes listed above and summarized in section three below apply directly to Respondent's offset towards his support obligations for his past and future payments of the debt associated with the car in Petitioner's

---

MEMORANDUM OF POINTS AND AUTHORITIES TO MOTION FOR RECONSIDERATION

1  possession (Ruiz Decl., ¶13). A modification of the initial ruling is therefore warranted, as these
2  laws were not considered at the time of the order.

3

4  **III.    STATUTES AND CASE LAW REGARDING SUPPORT OFFSETS FOR**
5  **RECONSIDERATION OF THE COURT'S PRIOR RULING**

6          A supporting parent cannot offset a debt owed by the custodial parent against his or her
7  child support obligations where the offset would eliminate or reduce the court-ordered support to
8  the detriment of the child. (*Williams v. Williams* (1970) 8 Cal.App.3d 636, 639). "A child support
9  obligation runs to the child and not the parent, a debt owed by the custodial parent to the supporting
10 parent generally cannot be offset against child support arrearages." (*In re Marriage of Armato*
11 (2001) 88 Cal.App.4th 1030, 1039).

12         In *Williams*, the court explained: "An order for child support, like alimony, is not an
13 'ordinary debt' but rather a court-imposed obligation to provide for one's child… In essence, the
14 parent, to whom such support is paid, is but a mere conduit for the disbursement of that support."
15 (*Williams*, at pp. 639-640.). As the court noted, "the very nature of child support gravitates against
16 the allowance of the setoff sought. Such support is strongly favored in the law and statutes
17 providing for it are to be liberally construed to promote their purpose of protecting the family." (Id.
18 at p. 640.)

19         In *Keck v. Keck* (1933) 219 Cal. at pp. 317-320, on an order to show cause, the trial court set
20 off against an alimony arrearage, a debt of the wife to the husband. On wife's appeal,  the Supreme
21 Court found that the marital duty of the husband to support the wife was not suspended because the
22 wife was indebted to him, and that the obligation to pay alimony is founded on this duty and is not
23 an ordinary debt; also that a decree for alimony may not be modified as to accrued installments and
24 that the set-off had that effect. In *Keck*, the Supreme Court found that (1) support is intended to
25 provide the necessities of life and (2) support cannot be modified retroactively.

26

27

28

**IV.** **THE LAWS COULD NOT REASONABLY HAVE BEEN PRESENTED EARLIER.**

As stated in the Declaration of Bianca Kaylene Ruiz, Petitioner was unable to present and argue the laws summarized in section three above that relate directly to Respondent's request for a dollar-for-dollar setoff of his child and spousal support obligation and arrearage for his past and future payments of the debt associated with the 2013 Audi in Petitioner's possession (Ruiz Decl., ¶18).

As also stated in the Declaration of Bianca Kaylene Ruiz, Petitioner's attempts and requests to present her case, state her positions, and respond to opposing counsel's arguments were denied by the court. Petitioner was told she would have an opportunity to speak, but that time never came (Ruiz Decl., ¶¶6, 8, 9, 10, 11, 18, 19). Upon her return to Utah, Petitioner promptly began preparing this motion for reconsideration (Ruiz Decl., ¶¶16, 20) as a vehicle to present the case law and statutes she was prevented from presenting at the time of the hearing.

**V.** **THIS MOTION IS TIMELY MADE.**

Under Code Civ. Proc. § 1008(a), motions to reconsider must be made "within 10 days after service upon the party of written notice of entry of the order." As stated in the Declaration of Bianca Kaylene Ruiz, Petitioner received the minute order on December 7, 2021 (Ruiz Decl., ¶15). Petitioner then filed and electronically served this motion for reconsideration on December 15, 2021, eight (8) days after (Ruiz Decl., ¶20). Petitioner's motion for reconsideration is therefore timely.

**VI.** **CONCLUSION.**

Based on the foregoing law summarized in section three above, Plaintiff respectfully requests that this Court reconsider and vacate its prior order granting Respondent's request that he receive a dollar-for-dollar offset from his support obligations for payments of the debt associated

MEMORANDUM OF POINTS AND AUTHORITIES TO MOTION FOR RECONSIDERATION

1 │ with the car in Petitioner's possession, and enter a new order upon said Reply Declaration, filed

2 │ November 24, 2021, consistent with the laws as set forth herein and the attached Declaration.

3

4

5 │ Respectfully presented by:

6

7 │ *Bianca Ruiz*

8 │ Bianca Kaylene Ruiz, Petitioner in pro per

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES TO MOTION FOR RECONSIDERATION

1

## **DECLARATION OF BIANCA KAYLENE RUIZ**

2

3    I, Bianca Kaylene Ruiz, declare as follows:

4      1.  I am the Petitioner in this matter: dissolution of marriage, case number 19FL-0112. If called

5        upon as a witness, I could and would testify competently to the truthfulness of the following

6        facts, all of which are within my own personal knowledge, except those stated on

7        information and belief, and as to those, I am informed and believe them to be true. I request

8        that the Court receive this declaration into evidence as my direct testimony. Code of Civil

9        Procedure §§ 2009, 2015.5; California Rules of Court Rule 5.111. See *Reifler v. Superior*

10       *Court* (1974) 39 Cal. App. 3d 479. See also *In re Marriage of Stevenot* (1984) 154 Cal. App.

11       3d 1751.

12     2.  On December 7, 2021 at 1:30 p.m., I was present at the Kings County Superior Court for a

13       hearing regarding my dissolution. It was heard by Court Commissioner Brian N. Chase

14       beginning at approximately 2:30 p.m.

15     3.  The hearing was scheduled when Respondent Jacob Ryan Ruiz ("Respondent") filed a

16       Request for Order on October 4, 2021.

17     4.  Subsequently, I filed a Responsive Declaration on November 18, 2021. Respondent then

18       filed a Reply Declaration on November 24, 2021. We both filed various declarations and

19       other pleadings in support of our positions. All my moving papers were submitted on or

20       before their statutory deadlines.

21     5.  As a preliminary matter, the Court requested I consent to allow my Attorney, Ms. Lacey

22       Sanchez, be let go before the scheduled hearing of December 27, 2021 for that matter. I

23       consented.

24     6.  Immediately following, Hardcastle began to argue his case. I attempted to state my positions

25       for the record but was told I was interrupting.

26

27   DECLARATION OF BIANCA KAYLENE RUIZ TO MOTION FOR RECONSIDERATION

28

7. The court then recessed for about one hour, from approximately 3:00 p.m. to approximately 4:00 p.m.

8. When court was called back into session, Hardcastle continued arguing his case. Again, I attempted to state my position several times, and each time was told I was interrupting. I also asked the court several times if I would have the opportunity to respond to Hardcastle's arguments, and the court told me that I would.

9. I was only allowed to speak without interruption when the court asked me direct questions regarding Mr. Hardcastle's arguments.

10. As the end of the court day approached, I asked for the last time if I would be permitted to respond to Mr. Hardcastle's claims and allegations. The court informed me that I had all afternoon to do that.

11. Although I was not given the opportunity to present my case as Mr. Hardcastle did, or to respond to his allegations and claims, the court proceeded to make orders regarding the issues as presented by Mr. Hardcastle.

12. The court continued all matters to a long-cause hearing on March 10, 2021 at 8:15 a.m., excepting Petitioner's request for attorney fees and Respondent's request for reimbursement of car payments.

13. The court ordered a dollar-for-dollar credit towards Respondent's child and spousal support obligation and arrearage for his past and future payments of the debt associated with the 2013 Audi in Petitioner's possession. The court also ordered Respondent to continue to pay the monthly debt associated with the 2013 Audi in Petitioner's possession. (see Court Order filed 12-07-2021 ("Order"), pg. 3).

14. The court did not grant my request for attorney's fees, suggesting instead that my boyfriend Mr. Lindsey contribute to my attorney fees (see Order, pg. 1).

DECLARATION OF BIANCA KAYLENE RUIZ TO MOTION FOR RECONSIDERATION

15. I was personally given a copy of the Minute Order on December 7, 2021 at the conclusion of the hearing.

16. When I returned home to Utah from California, I promptly began preparing this motion for reconsideration.

17. At the time of preparing and filing this motion for reconsideration, I have not yet received the reporter's transcript for the hearing of December 7, 2021. I will submit evidentiary support of my claims in this declaration when I receive it. It can take up to 14 days or more to receive the reporter's transcript, which would be well past the deadline to file this motion for reconsideration (10 days).

18. If I had been given the opportunity to state my positions and argue my case to the court at the time of the hearing on December 7, 2021, I would have presented the following laws in opposition of Respondent's dollar-for-dollar support offset of payments made to the car in Petitioner's possession:

A supporting parent cannot offset a debt owed by the custodial parent against his or her child support obligations where the offset would eliminate or reduce the court-ordered support to the detriment of the child. (*Williams v. Williams* (1970) 8 Cal.App.3d 636, 639). "A child support obligation runs to the child and not the parent, a debt owed by the custodial parent to the supporting parent generally cannot be offset against child support arrearages." (*In re Marriage of Armato* (2001) 88 Cal.App.4th 1030, 1039).

In *Williams*, the court explained: "An order for child support, like alimony, is not an 'ordinary debt' but rather a court-imposed obligation to provide for one's child... In essence, the parent, to whom such support is paid, is but a mere conduit for the disbursement of that support." (*Williams*, at pp. 639-640.). As the court noted, "the very nature of child support gravitates against the allowance of the setoff sought. Such support is strongly favored in the law and statutes providing for it are to be liberally construed to promote their purpose of protecting the family." (Id. at p. 640.)

In *Keck v. Keck* (1933) 219 Cal. at pp. 317-320, on an order to show cause, the trial court set off against an alimony arrearage, a debt of the wife to the husband. On wife's appeal,  the Supreme Court found that the marital duty of the husband to support the wife was not suspended because the wife was indebted to him, and that the obligation to pay alimony is founded on this duty and is not an ordinary debt; also that a decree for alimony may not be modified as to accrued installments and that the set-off had that effect. In *Keck*, the Supreme Court found that (1) support is intended to provide the necessities of life and (2) support cannot be modified retroactively.

DECLARATION OF BIANCA KAYLENE RUIZ TO MOTION FOR RECONSIDERATION

19. I was unable to produce and present these laws at the hearing of December 7, 2021 because the court refused my attempts and requests to present my case and state my positions during the hearing, as outlined in the paragraphs above.

20. I filed and served this motion for reconsideration on December 15, 2021, 8 days after I received the minute order (see paragraph 15 above). I have met the deadline for filing and serving this motion for consideration, which is 10 days after receiving the order.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

DATED: DECEMBER 15, 2021

*Bianca Ruiz*
Bianca Kaylene Ruiz
Petitioner in pro per

DECLARATION OF BIANCA KAYLENE RUIZ TO MOTION FOR RECONSIDERATION

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|

NAME:  BIANCA KAYLENE RUIZ
FIRM NAME:
STREET ADDRESS:  1353 W BISON DR
CITY:  RIVERTON      STATE:  UT      ZIP CODE:  84065
TELEPHONE NO.:  808-250-3396      FAX NO.:
E-MAIL ADDRESS:  BIANCAKAYLENERUIZ@GMAIL.COM
ATTORNEY FOR (name):  PETITIONER IN PRO PER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
 STREET ADDRESS: 1640 KINGS COUNTY DRIVE
 MAILING ADDRESS: 1640 KINGS COUNTY DRIVE
 CITY AND ZIP CODE: HANFORD 93230
 BRANCH NAME: HANFORD COURTHOUSE

PLAINTIFF/PETITIONER:    BIANCA KAYLENE RUIZ

DEFENDANT/RESPONDENT: JACOB RYAN RUIZ

**PROOF OF ELECTRONIC SERVICE**

CASE NUMBER:
19FL-0112

JUDICIAL OFFICER:
HONORABLE BRIAN N. CHASE

DEPARTMENT:
4

1. I am at least 18 years old.
   a. My residence or business address is *(specify):*
      1353 W BISON DR
      RIVERTON UT 84065

   b. My electronic service address is *(specify):*
      CLINT.J.LINDSEY@GMAIL.COM

2. I electronically served the following documents *(exact titles):*
   Request for Order: Motion for Reconsideration re Attorney Fees
   Request for Order: Motion for Reconsideration re Child Support Offset

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served:  WAYNE HARDCASTLE

      On behalf of *(name or names of parties represented, if person served is an attorney):*
      JACOB RYAN RUIZ

   b. Electronic service address of person served :
      WAYNE@MHJ.LAW,

   c. On *(date):*  DEC 15, 2021

      ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:  DECEMBER 15, 2021

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

CLINT J LINDSEY
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov

For your protection and privacy, please press the Clear

# EXHIBIT 7

12-22-2021 Letter from Defendant Hardcastle

LAW OFFICES OF

# MAROOT, HARDCASTLE & JOLLY

K. PHILLIP MAROOT

V. WAYNE HARDCASTLE

TIM W. JOLLY

429 North Redington Street
Hanford, CA 93230
(559) 584-0131

Visalia (559) 734-3540
Facsimile (559) 584-7625

December 22, 2021

Mrs. Bianca Ruiz
**VIA EMAIL:   biancakayleneruiz@gmail.com**

*RE: Marriage of Ruiz; Kings County Superior Court No. 19FL-0112*

Dear Mrs. Ruiz:

I am in receipt of your Request for Order re Motion for Reconsideration of Prior Order re Child Support Offset.  The date of January 27, 2022 was not cleared with my calendar.  It is common courtesy and Kings County Local Rules require that my office be contacted and the date cleared with my calendar.  I am not available on that date.  I am out of town for depositions that day.  I can be available on any of the following dates:

February 10 at 1:30 p.m.
February 24 at 8:15 a.m. or 1:30 p.m.
March 1 at 8:15 a.m. or 1:30 p.m.

I have prepared and enclose a Stipulation to Continue the Hearing.  If you will agree to the continuance, please pick one of the aforementioned dates and insert it in the Stipulation. Then date and sign where indicated and return it to me.  I will file it with the Court and pay the required fee.

Thank you for your anticipated cooperation in this regard.

Sincerely,

MAROOT, HARDCASTLE & JOLLY

BY: WAYNE HARDCASTLE

WH:smr
Attachment
cc: Jacob Ruiz (Via Email)

# EXHIBIT 8

12-22-2021 Letter to Defendant Hardcastle

**Bianca Ruiz**
biancakayleneruiz@gmail.com

**December 22, 2021**

**Mr. Wayne Hardcastle**
**VIA EMAIL ONLY:** wayne@mhj.law

**IRMO Ruiz; 19FL-0112**

**Mr. Hardcastle:**

I write in reply to your email of December 22, 2021 in which you request a continuance to the hearing scheduled January 27, 2022. While I do sympathize that the Kings County Clerk did not contact you to clear the date with your calendar, time is of the essence in this upcoming hearing.

As you are aware, the court ordered a setoff of debt against Mr. Ruiz' support obligations that is in violation of the both the Bankruptcy Code and California Law. Until the court voids and reverses its error, funds needed to support my children are being withheld.

I would be willing to stipulate to an earlier date to accommodate your calendar. What dates would you be available *before* the scheduled hearing of January 27, 2022?

I teach classes Monday through Friday on campus and am therefore not available at the following times:  beginning 11:00 a.m. on Mondays, Wednesdays, and Fridays, and beginning 12:00 p.m. Tuesdays and Thursdays.


**Respectfully,**
**Bianca Ruiz**
**Petitioner in Pro Per**

# EXHIBIT 9

12-23-2021 Letter to Defendant Hardcastle

 Gmail

Bianca Ruiz <biancakayleneruiz@gmail.com>

---

## Re: Marriage of Ruiz
1 message

---

**Bianca Ruiz** <biancakayleneruiz@gmail.com>
To: Wayne Hardcastle <wayne@mhj.law>

Thu, Dec 23, 2021 at 3:51 PM

As a common courtesy, I am notifying you of my intent to file for actual and punitive damages pursuant to 11 U.S.C. § 362(k) in the United States Court of Appeals for the Tenth Circuit for the violation of the automatic stay of bankruptcy. If you would like to stipulate to reverse and vacate the legally void setoff order before its effects are felt on January 1, 2021, please let me know.

# EXHIBIT 10

12-27-2021 Notice of Violation of Stay

FILED
12/27/2021 8:00 AM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

_Marilu Ponce_                    **Deputy**
**Marilu Ponce**

1  | BIANCA KAYLENE RUIZ
2  | 1353 West Bison Drive
   | Riverton, Utah 84065
3  | 808-250-3396
   | biancakayleneruiz@gmail.com
4  | Petitioner In Pro Per

5

6

7

8

9

10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF KINGS

11

12  | BIANCA KAYLENE RUIZ,                 ) Case No.: 19FL-0112
    |                                      ) Honorable Brian N. Chase
13  |                    Petitioner,       )
    |                                      ) **NOTICE OF VIOLATION OF**
14  |         vs.                          ) **BANKRUPTCY STAY**
    |                                      )
15  | JACOB RYAN RUIZ,                     ) **11 U.S.C. § 362**
    |                                      )
16  |                                      )
    |                    Respondent.       )
17  |                                      )
    |                                      )

18

19

20  **TO RESPONDENT AND HIS ATTORNEY OF RECORD:**

21       This notice sets forth statutes and case law governing the automatic stay of

22  bankruptcy, relief from the stay, the right of setoff, California support setoffs, and redress of

23  violations. I send this notice so there is no question that all parties involved have knowledge

24  of the stay as they willfully continue to allow the actions constituting the violation, namely

25  the order of the trial court dated December 7, 2021 which authorized a setoff of debt against

26  support obligations.

27

28

## I.    The Automatic Stay

Bankruptcy Code § 362(a)[1] imposes an automatic stay as of the petition date and serves as "one of the fundamental protections that the Bankruptcy Code affords to debtors." In re McKenna, 566 B.R. 286, 288 (Bankr. D.R.I. 2017) (quoting In re Jamo, 283 F.3d 392, 398 (1st Cir. 2002) (citations omitted)).

In the present case, Petitioner Bianca Kaylene Ruiz has been under the protection of the automatic stay since November 10, 2021.

## II.    Relief From The Automatic Stay

A creditor must obtain a court order from the granting relief from the Automatic Stay to have the right to act against a debtor or property of the estate. This is true regardless of what type of action a creditor has already filed against the debtor in another court. Any action taken in violation of the automatic stay in the Tenth Circuit[2] is automatically void (*Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371 (10th Cir. 1990)).

In the present case, the Utah Bankruptcy Court has not granted a relief from the automatic stay that would allow a setoff or assessment of any kind against Petitioner Bianca Kaylene Ruiz.

## III.    Right of Setoff

The stay applies despite the Bankruptcy Code's general application of non-bankruptcy law where such law does not contradict its provisions. Among these provisions

---

[1] Section 362(a) states in pertinent part: "[A] petition filed under section 301, 302, or 303 of this title...operates as a stay, applicable to all entities, of - (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case..."

[2] Petitioner's bankruptcy was filed in the State of Utah, which is in the Tenth Circuit

1    that recognize and apply state law is 11 U.S.C. § 553[3], which addresses the right of setoff.

2    "Set-off is an equitable right of a creditor to deduct a debt it owes to the debtor from a claim

3    it has against the debtor arising out of a separate transaction." (Collier, ¶553.03[4]). However,

4    the right of setoff only exists under applicable state law and is not "created" by Section 553

5    (Collier, ¶553.01). 11 U.S.C. § 553 "merely recognizes and preserves" the right of setoff

6    under applicable nonbankruptcy law. (*Id.*)

7         In the present case, even if relief was obtained from the automatic stay for

8    Respondent's mutual debt with Petitioner, California does not permit setoffs against support

9    obligations or arrearages.

10

11   **IV.   <u>Support Setoffs in California</u>**

12        In *Williams v. Williams*, 8 Cal. App. 3d 636, 87 Cal. Rptr. 754 (Ct. App. 1970), the

13   court ordered the husband to pay both alimony and child support to wife. After support had

14   been ordered, the husband and wife agreed that the husband would manage a jointly owned

15   apartment house. In managing the apartment house, the husband incurred a loss, so he

16   deducted the wife's proportional share of the loss from her support payments. (*Id.*  at pp.

17   638-639.) The Court of Appeal held that the husband could not use the debt owed by the

18   wife to the husband to offset his support obligations. The court wrote: "The rationale behind

19   such rule is that alimony is not an ordinary debt but a marital duty of the husband to support

20   his wife. To allow such a setoff would amount to a retroactive alteration of alimony

21   payments[5] . . . ."(*Id.* at p. 639.) The court applied the same rule to child support because it

22   "is not an `ordinary debt' but rather a court-imposed obligation to provide for one's child."

23

24   _____

25   [3] Section 553 states in pertinent part: "[T]his title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case…"

26   [4] Levin, R., & Sommer, H. J. (2009). Collier on Bankruptcy. LexisNexis.

27   [5] California Family Code California Family Code §§ 3651(c)(1) and 3653(a) prohibit retroactive modification of support beyond the date the original motion for modification was filed.

28

1 (*Ibid.*)

2       "[S]ince a child support obligation runs to the child and not the parent, a debt owed

3 by the custodial parent to the supporting parent generally cannot be offset against child

4 support arrearages." (*In Re Marriage Of Armato*, 106 Cal. Rptr. 2d 395, 88 Cal. App. 4th

5 1030 (Ct. App. 2001).). Likewise, in *In Re Marriage Of Stutz*, 126 Cal. App. 3d 1038, 179

6 Cal. Rptr. 312 (Ct. App. 1981), the court refused to allow a supporting husband to setoff

7 mortgage payments he made towards the home wife lived in against his support obligations

8 and arrearages. The Honorable Nancy Gertner summarized it best when she concluded that

9 California case law "appears to support the view that child support in the form of arrearages

10 is a debt owed to the children if the children stand to benefit from the payments." (*US v.*

11 *Dann*, No. 08-00390 CW (N.D. Cal. July 22, 2010).)

12       In the present case, setoffs against support arrearages and support obligations are not

13 permitted in California.

14

15 **V.    Redress of Debtor for Stay Violations**

16       Redress for violation of the stay is available under § 362(k)(1), which provides that a

17 debtor injured by a "willful violation" of the automatic stay "shall recover actual damages,

18 including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive

19 damages."

20

21 **VI.   Elements to Prove Damages**

22       A debtor seeking damages under this provision bears the burden of proving, by a

23 preponderance of the evidence – in other words, a standard of more likely than not – three

24 elements: "(1) that a violation of the automatic stay occurred; (2) that **the violation was**

25 **willfully committed**; and (3) that the debtor suffered damages as a result of the violation."

26 *Slabicki v. Gleason (In re Slabicki)*, 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012) (citations

27

28

1    omitted). "A willful violation does not require a specific intent to violate the automatic stay.

2    The standard for a willful violation . . . is met if there is knowledge of the stay and the

3    defendant intended the actions which constitute the violation." *Fleet Mortg. Group v.*

4    *Kaneb*, 196 F.3d 265, 269 (1st Cir. 1999) (citations omitted). "In cases where the creditor

5    received actual notice of the automatic stay, courts must presume that the violation was

6    deliberate." *Id.*

7

8    **VII.    Emotional Distress**

9        Emotional distress is considered "actual damage" under § 362(k)(1). Id.; *Heghmann*

10    *v. Indorf (In re Heghmann)*, 316 B.R. 395, 405 (B.A.P. 1st Cir. 2004). "[A]ctual damages

11    should be awarded only if there is concrete evidence supporting the award of a definite

12    amount." Id. (citations omitted). However, courts have awarded emotional distress damages

13    without medical evidence or corroborating testimony. See *Bererhout v. City of Malden (In*

14    *re Bererhout)*, No. 09-18956-JNF, Adv. P. No. 09-1314, 2011 Bankr. LEXIS 2097, at *16-

15    17 (Bankr. D. Mass. May 24, 2011); *Varela v. Quinones Ocasio (In re Quinones Ocasio)*,

16    272 B.R. 815, 824-25 (B.A.P. 1st Cir. 2002); In re Tine, BK No. 11-12604, 2012 Bankr.

17    LEXIS 2092, at *8 (Bankr. D.R.I. May 4, 2012).

18        Courts also have considered instances where emotional distress is accompanied by

19    actual financial injury. See, e.g., *Swilling v. ACA Fin. Servs. (In re Swilling)*, No. 07-11273-

20    WRS, Chapter 7, Adv. Pro. No. 08-1016-WRS, 2008 Bankr. LEXIS 3124, at *24-25 (Bankr.

21    M.D. Ala. Nov. 20, 2008) (awarding $5,000.00 in emotional distress damages when a

22    creditor intercepted the debtor's social security check); *Matthews v. United States (In re*

23    *Matthews)*, 184 B.R. 594, 600-01 (Bankr. S.D. Ala. 1995) (awarding $3,000.00 for loss of

24    use of $1,800.00 tax refund for one year and debtors' testimony about how upset and

25    stressed they and their children became as a result of the wrongful stay violations and

26    seizure of their tax refund).

27

28

1

2  **VIII.  Attorney's Fees**

3          As to attorney fees, in the awarding of damages under Bankruptcy Code § 362(k),

4  "an award of fees reasonably incurred is mandated by the statute; courts awarding fees

5  under § 362(k) thus retain the discretion to eliminate unnecessary or plainly excessive fees."

6  *In re Silk*, 549 B.R. 297, 302 (Bankr. D. Mass. 2016) (quoting *America's Servicing Co. v.*

7  *Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095, 1101 (9th Cir. 2015) (citation

8  omitted)). "The reasonableness of fees is determined in accordance with § 330 of the

9  Bankruptcy Code." *Id.* (quoting *Lopez v. Consejo de Titulares del Condominio Carolina*

10 *Court Apts. (In re Lopez)*, 405 B.R. 24, 32-33 (B.A.P. 1st Cir. 2009)).

11         Section 330(a)(1) authorizes the bankruptcy court to award "reasonable

12 compensation for actual, necessary services rendered . . . based on an after-the-fact

13 consideration of 'the nature, the extent, and the value of such services, taking into account

14 all relevant factors.'" *In re Mendez*, No. 05-06196 (ESL), 2012 Bankr. LEXIS 3693, at *4

15 (Bankr. D.P.R. Aug. 9, 2012) (quoting 11 U.S.C. § 330(a)(1), (3)).

16

17 **IX.  Punitive Damages**

18         On the other hand, the imposition of punitive damages requires more than a mere

19 willful violation of the automatic stay. *Heghmann*, 316 B.R. at 405. Factors to consider

20 include: "(1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages;

21 (3) the motive of the creditor; and (4) any provocation by the debtor." *Id.*

22         "The cases interpreting 'appropriate circumstances' in 11 U.S.C. § 362(k)(1) indicate
. . . that egregious, intentional misconduct on the violator's part is necessary to
23         support a punitive damages award. [S]uch awards are reserved for cases in which the
violator's conduct amounts to something more than a bare violation justifying
24         compensatory damages or injunctive relief. To recover punitive damages, the violator
must act with actual knowledge that he is violating a federally protected right or with
25         reckless disregard of whether he is doing so."

26 *In re Barboza*, 211 B.R. 450, 453 (Bankr. D.R.I. 1997) (citations omitted).

27

28

1

DATED: December 23, 2021

2

3                                                  *Bianca Ruiz*
                                                   BIANCA KAYLENE RUIZ
4                                                  Petitioner In Pro Per

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: BIANCA KAYLENE RUIZ | FILED |
| FIRM NAME: | 12/27/2021 8:00 AM |
| STREET ADDRESS: 1353 W BISON DR | Nocona Soboleski, Clerk of Court |
| CITY: RIVERTON          STATE: UT    ZIP CODE: 84065 | Superior Court of the State of California |
| TELEPHONE NO.: 808-250-3396    FAX NO. : | County of Kings |
| E-MAIL ADDRESS: BIANCAKAYLENERUIZ@GMAIL.COM | *Marilu Ponce*        **Deputy** |
| ATTORNEY FOR (name): PETITIONER IN PRO PER | **Marilu Ponce** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS |
|---|
| STREET ADDRESS: 1640 KINGS COUNTY DRIVE |
| MAILING ADDRESS: 1640 KINGS COUNTY DRIVE |
| CITY AND ZIP CODE: HANFORD 93230 |
| BRANCH NAME: HANFORD COURTHOUSE |

| PLAINTIFF/PETITIONER:  BIANCA KAYLENE RUIZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JACOB RYAN RUIZ | 19FL-0112 |
|  | JUDICIAL OFFICER: |
|  | HONORABLE BRIAN N. CHASE |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT: |
|  | 4 |

1.  I am at least 18 years old.

    a.  My residence or business address is *(specify):*
        1353 W BISON DR
        RIVERTON UT 84065

    b.  My electronic service address is *(specify):*
        CLINT.J.LINDSEY@GMAIL.COM

2.  I electronically served the following documents *(exact titles):*
    NOTICE OF VIOLATION OF BANKRUPTCY STAY

    ☐  The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:
    a.  Name of person served:  WAYNE HARDCASTLE

        On behalf of *(name or names of parties represented, if person served is an attorney):*
        JACOB RYAN RUIZ

    b.  Electronic service address of person served :
        WAYNE@MHJ.LAW,

    c.  On *(date):*  DEC 23, 2021

    ☐  The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:  DECEMBER 23, 2021

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

CLINT J LINDSEY                                  ►
_____                _____
(TYPE OR PRINT NAME OF DECLARANT)                (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
*www.courts.ca.gov*

# EXHIBIT 11

01-03-2022 Mutual Loan Transaction History



# Used Vehicle Loan - **********0584 👁

## Current Balance                                    $3,022.13



| Payment Due | Due 01/14/2022   PAY | $506.85 |

Information may not reflect recent transactions to your account until the next business day.

▸ **Additional Account Information**

**Scheduled Transactions** ?                                         ⌄

| Date ▴ | Description | Amount |
|--------|-------------|--------|
| There are no transactions to display. | | |

**Transaction History**

| Date ▴ | Description | Amount | Balance |
|--------|-------------|--------|---------|
| 12/14/2021 | TRANSFER PYMT | $506.85 | $3,022.13 |
| 11/22/2021 | TRANSFER PYMT | $506.85 | $3,521.46 |
| 10/15/2021 | TRANSFER PYMT | $506.85 | $4,013.52 |
| 07/22/2021 | TRANSFER PYMT | $506.85 | $4,483.41 |

**Show More ▼**
(06/03/2021 - 07/03/2021)

# EXHIBIT 12

01-03-2022 Case Details: California Department of Child Support Services

REDACTED

2:28 PM  Tue Jan 4                                                                                    28%

cse.ca.gov

California Child Support          BIANCA RUIZ REDACTED          Logout

# Customer Connect

Home    Payments    Documents    Messages    Other Party

## Home

### Appointments

| THU 27 Jan | THU 10 Mar | FRI 11 Mar |

**Case Number:** REDACTED
**Date:** 01/27/2022
**Time:** 02:30 PM - 03:00 PM
**Appointment Type:** SUPERIOR COURT HEARING

### SELECT CASE TO VIEW DETAILS:

**Case Number:** REDACTED
Other Party: JACOB RUIZ

### CASE DETAILS

### Case Information

| Case Number: | REDACTED |
| County: | KINGS |
| Role: | PERSON RECEIVING SUPPORT |

Privacy · Terms

2:29 PM  Tue Jan 4                                                              28%

‹  ›  📖  AA                    🔒 cse.ca.gov                    ⟳  ⬆  +  ⧉

REDACTED

| | |
|---|---|
| **Case Number:** | REDACTED |
| **County:** | KINGS |
| **Role:** | PERSON RECEIVING SUPPORT |
| **Status:** | OPEN |
| **Opened Date:** | 05/07/2021 |
| **Monthly Support:** | $ 1,890.00 |
| **Past Due Support Installment:** | $ 50.00 |
| **Past Due Support:** | 0 |
| **Total Amount Owed:** | $ 1,828.09 |

If you have any questions about these amounts, please Contact Us.

## Support Orders

| File Date | County | Court Case Number | Status |
|---|---|---|---|
| 06/25/2019 | KINGS | 19FL-0112 | HISTORIC |
| 06/23/2021 | KINGS | 19FL-0112 | ACTIVE |

## Case Status History

| Status | Date |
|---|---|
| OPEN | 05/07/2021 |

## Legal Activities

No legal activities found



Privacy · Terms

# EXHIBIT 13

01-03-2022 January Support Payment



## e-Checking - ******7270 👁

| | |
|---|---|
| **Available Balance** | **REDACTED** |
| Current Balance | **REDACTED** |
| Last Statement Balance<br>Ending 12/12/2021 | **REDACTED** |
| Freeze Card<br>Manage | |

▸ **Additional Account Information**

**Scheduled Transactions** ?

| Date ▲ | Description | Type | Amount |
|---|---|---|---|
| There are no transactions to display. | | | |

**Transaction History**

| Date ▾ | Description | Check # | Type | Amount | Balance |
|---|---|---|---|---|---|
| REDACTED | | | | | |
| Pending | ACH Transaction - | | ACH Credit | $1,660.92 | REDACTED |
| REDACTED | | | | | |



2:47 PM  Tue Jan 4

REDACTED

Payments

California Child Support    BIANCA RUIZ  REDACTE    Logout

# Customer CONNECT

Home    Payments    Documents    Messages    Other Party

# Payments

Payments I Made     Payments I Received

Print Page     Print By Year

Receive Payments Electronically

**Select the issue date to view more details.**

| Issue Date | Amount | Payment Method | Paid Date | Status |
|---|---|---|---|---|
| 01/03/2022 | $1,660.92 | DIRECT DEPOSIT | | ISSUED |

REDACTED



Privacy - Terms

# EXHIBIT 14

12-13-2021 Notice of Appeal

APP-002

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: BIANCA KAYLENE RUIZ
FIRM NAME:
STREET ADDRESS: 1353 W BISON DR
CITY: RIVERTON    STATE: UT    ZIP CODE: 84065
TELEPHONE NO.: 808-250-3396    FAX NO.:
E-MAIL ADDRESS: BIANCAKAYLENERUIZ@GMAIL.COM
ATTORNEY FOR (name): PETITIONER IN PRO PER

**FILED**
12/13/2021 6:35 PM
Nocona Soboleski, Clerk of Court
Superior Court of the State of California
County of Kings

*Megan Conroy* ___Deputy
**Megan Conroy**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
 STREET ADDRESS: 1640 KINGS COUNTY DR
 MAILING ADDRESS: 1640 KINGS COUNTY DR
 CITY AND ZIP CODE: HANFORD 93230
 BRANCH NAME: HANFORD COURTHOUSE

PLAINTIFF/PETITIONER: BIANCA KAYLENE RUIZ
DEFENDANT/RESPONDENT: JACOB RYAN RUIZ

| [✱] NOTICE OF APPEAL  [ ] CROSS-APPEAL (UNLIMITED CIVIL CASE) | CASE NUMBER: 19FL-0112 |
|---|---|

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal. A copy of this form must also be served on the other party or parties to this appeal. You may use an applicable Judicial Council form (such as APP-009 or APP-009E) for the proof of service. When this document has been completed and a copy served, the original may then be filed with the court with proof of service.**

1. NOTICE IS HEREBY GIVEN that (name): BIANCA KAYLENE RUIZ

   appeals from the following judgment or order in this case, which was entered on (date): DECEMBER 7. 2021

   [ ] Judgment after jury trial
   [ ] Judgment after court trial
   [ ] Default judgment
   [ ] Judgment after an order granting a summary judgment motion
   [ ] Judgment of dismissal under Code of Civil Procedure, §§ 581d, 583.250, 583.360, or 583.430
   [ ] Judgment of dismissal after an order sustaining a demurrer
   [ ] An order after judgment under Code of Civil Procedure, § 904.1(a)(2)
   [ ] An order or judgment under Code of Civil Procedure, § 904.1(a)(3)–(13)
   [✱] Other (describe and specify code section that authorizes this appeal):
       An order made appealable by the Probate Code or the Family Code (CCP 904.1(a)(10))

2. For cross-appeals only:
   a. Date notice of appeal was filed in original appeal:
   b. Date superior court clerk mailed notice of original appeal:
   c. Court of Appeal case number (if known):

Date: DECEMBER 13, 2021

BIANCA KAYLENE RUIZ
_____
(TYPE OR PRINT NAME)

► *Bianca Ruiz*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-002 [Rev. January 1, 2017]

**NOTICE OF APPEAL/CROSS-APPEAL (UNLIMITED CIVIL CASE)**
**(Appellate)**
- Page 92 -

Cal. Rules of Court, rule 8.100
www.courts.ca.gov

**APP-009E**

| PROOF OF ELECTRONIC SERVICE (Court of Appeal) | **FILED**<br>12/13/2021 6:35 PM<br>Nocona Soboleski, Clerk of Court<br>Superior Court of the State of California<br>County of Kings |
|---|---|

**Notice: This form may be used to provide proof that a document has been served in a proceeding in the Court of Appeal. Please read** *Information Sheet for Proof of Service (Court of Appeal)* **(form APP-009-INFO) before completing this form.**

*Megan Conroy* **Deputy**

**Megan Conroy**

Case Name:  RUIZ, BIANCA V. JACOB

Court of Appeal Case Number:

Superior Court Case Number:  19FL-0112

1.  At the time of service I was at least 18 years of age.

2.  a.  My  [ x ] residence  [ ] business  address is *(specify)*:
    1353 W BISON DR, RIVERTON UT 84065

    b.  My electronic service address is *(specify)*:  CLINT.J.LINDSEY@GMAIL.COM

3.  I electronically served the following documents *(exact titles)*:
    NOTICE OF APPEAL

4.  I electronically served the documents listed in 3. as follows:

    a.  Name of person served: WAYNE HARDCASTLE
        On behalf of *(name or names of parties represented, if person served is an attorney)*:
        RESPONDENT JACOB RYAN RUIZ

    b.  Electronic service address of person served:  WAYNE@MHJ.LAW

    c.  On *(date)*:  DECEMBER 13. 2021

        [ ]  The documents listed in 3. were served electronically on the persons and in the manner described in an attachment *(write "APP-009E, Item 4" at the top of the page).*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  DECEMBER 13. 2021

► *(signature)*

CLINT J LINDSEY

(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

(SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
APP-009E [New January 1, 2017]

**PROOF OF ELECTRONIC SERVICE
(Court of Appeal)
- Page 93 -**

www.courts.ca.gov

# EXHIBIT 15

12-15-2021 Appeal Record Designation

APP-003

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY    STATE BAR NUMBER:<br>NAME: BIANCA KAYLENE RUIZ<br>FIRM NAME:<br>STREET ADDRESS: 1353 W BISON DR<br>CITY: RIVERTON    STATE: UT    ZIP CODE: 84065<br>TELEPHONE NO.: 808-250-3396    FAX NO.:<br>E-MAIL ADDRESS: BIANCAKAYLENERUIZ@GMAIL.COM<br>ATTORNEY FOR (name): PETITIONER IN PRO PER | *FOR COURT USE ONLY*<br>FILED<br>12/15/2021 4:07 PM<br>Nocona Soboleski, Clerk of Court<br>Superior Court of the State of California<br>County of Kings<br>*Megan Conroy* **Deputy**<br>**Megan Conroy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
 STREET ADDRESS: 1640 KINGS COUNTY DRIVE
 MAILING ADDRESS: 1640 KINGS COUNTY DRIVE
 CITY AND ZIP CODE: HANFORD 93230
 BRANCH NAME: HANFORD COURTHOUSE

PLAINTIFF/PETITIONER: BIANCA KAYLENE RUIZ
DEFENDANT/RESPONDENT: JACOB RYAN RUIZ
OTHER PARENT/PARTY:

| | |
|---|---|
| **APPELLANT'S NOTICE DESIGNATING RECORD ON APPEAL<br>(UNLIMITED CIVIL CASE)** | SUPERIOR COURT CASE NUMBER:<br>19FL-0112 |
| RE: Appeal filed on (date): 12-13-2021    ***AMENDED*** | COURT OF APPEAL CASE NUMBER (if known): |

**Notice: Please read *Information on Appeal Procedures for Unlimited Civil Cases* (form APP-001-INFO) before completing this form. This form must be filed in the superior court, not in the Court of Appeal.**

1. **RECORD OF THE DOCUMENTS FILED IN THE SUPERIOR COURT**

   I choose to use the following method of providing the Court of Appeal with a record of the documents filed in the superior court (*check a, b, c, or d, and fill in any required information*):

   a. [X] A clerk's transcript under rule 8.122. *(You must check (1) or (2) and fill out the clerk's transcript section (item 4) on pages 2 and 3 of this form.)*

      (1) [ ] I will pay the superior court clerk for this transcript myself when I receive the clerk's estimate of the costs of this transcript. I understand that if I do not pay for this transcript, it will not be prepared and provided to the Court of Appeal.

      (2) [X] I request that the clerk's transcript be provided to me at no cost because I cannot afford to pay this cost. I have submitted the following document with this notice designating the record (*check (a) or (b)*):

         (a) [X] An order granting a waiver of court fees and costs under rules 3.50–3.58; or

         (b) [ ] An application for a waiver of court fees and costs under rules 3.50–3.58. *(Use Request to Waive Court Fees (form FW-001) to prepare and file this application.)*

   b. [ ] An appendix under rule 8.124.

   c. [ ] The original superior court file under rule 8.128. (NOTE: *Local rules in the Court of Appeal, First, Third, and Fourth Appellate Districts, permit parties to stipulate (agree) to use the original superior court file instead of a clerk's transcript; you may select this option if your appeal is in one of these districts and all the parties have stipulated to use the original superior court file instead of a clerk's transcript in this case. Attach a copy of this stipulation.*)

   d. [ ] An agreed statement under rule 8.134. *(You must complete item 2b(2) below and attach to your agreed statement copies of all the documents that are required to be included in the clerk's transcript. These documents are listed in rule 8.134(a).)*

2. **RECORD OF ORAL PROCEEDINGS IN THE SUPERIOR COURT**

   I choose to proceed (*you must check a or b below*):

   a. [ ] WITHOUT a record of the oral proceedings (what was said at the hearing or trial) in the superior court. I understand that without a record of the oral proceedings in the superior court, the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made in the superior court proceedings.

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
APP-003 [Rev. January 1, 2019]

**APPELLANT'S NOTICE DESIGNATING RECORD ON APPEAL
(Unlimited Civil Case)**

Cal. Rules of Court, rules 3.50,
8.121–8.124, 8.128, 8.130, 8.134, 8.137
www.courts.ca.gov

APP-003

| CASE NAME:<br>RUIZ, BIANCA V. JACOB | SUPERIOR COURT CASE NUMBER:<br>19FL-0112 |
|---|---|

2.  b.  [X] **WITH the following record of the oral proceedings in the superior court** *(you must check (1), (2), or (3) below):*

(1)  [X]  A reporter's transcript under rule 8.130. *(You must fill out the reporter's transcript section (item 5) on pages 3 and 4 of this form.)* I have *(check all that apply):*

(a)  [ ]  Deposited with the superior court clerk the approximate cost of preparing the transcript by including the deposit with this notice as provided in rule 8.130(b)(1).

(b)  [ ]  Attached a copy of a Transcript Reimbursement Fund application filed under rule 8.130(c)(1).

(c)  [ ]  Attached the reporter's written waiver of a deposit under rule 8.130(b)(3)(A) for *(check either (i) or (ii)):*

(i)  [ ]  all of the designated proceedings.

(ii)  [ ]  part of the designated proceedings.

(d)  [ ]  Attached a certified transcript under rule 8.130(b)(3)(C).

(2)  [ ]  An agreed statement. *(Check and complete either (a) or (b) below.)*

(a)  [ ]  I have attached an agreed statement to this notice.

(b)  [ ]  All the parties have stipulated (agreed) in writing to try to agree on a statement. *(You must attach a copy of this stipulation to this notice.)* I understand that, within 40 days after I file the notice of appeal, I must file either the agreed statement or a notice indicating the parties were unable to agree on a statement and a new notice designating the record on appeal.

(3)  [ ]  A settled statement under rule 8.137. *(You must check (a), (b), or (c) below, and fill out the settled statement section (item 6) on page 4.)*

(a)  [ ]  The oral proceedings in the superior court were not reported by a court reporter.

(b)  [ ]  The oral proceedings in the superior court were reported by a court reporter, but I have an order waiving fees and costs.

(c)  [ ]  I am asking to use a settled statement for reasons other than those listed in (a) or (b). *(You must serve and file the motion required under rule 8.137(b) at the same time that you file this form. You may use form APP-025 to prepare the motion.)*

3.  **RECORD OF AN ADMINISTRATIVE PROCEEDING TO BE TRANSMITTED TO THE COURT OF APPEAL**

[ ]  I request that the clerk transmit to the Court of Appeal under rule 8.123 the record of the following administrative proceeding that was admitted into evidence, refused, or lodged in the superior court *(give the title and date or dates of the administrative proceeding):*

| Title of Administrative Proceeding | Date or Dates |
|---|---|
| | |

4.  **NOTICE DESIGNATING CLERK'S TRANSCRIPT**

*(You must complete this section if you checked item 1a above indicating that you choose to use a clerk's transcript as the record of the documents filed in the superior court.)*

a.  **Required documents.** The clerk will automatically include the following items in the clerk's transcript, but you must provide the date each document was filed, or if that is not available, the date the document was signed.

| Document Title and Description | | Date of Filing |
|---|---|---|
| (1) Notice of appeal | (1) | 12-13-2021 |
| (2) Notice designating record on appeal *(this document)* | (2) | 12-15-2021 |
| (3) Judgment or order appealed from | (3) | 12-07-2021 |
| (4) Notice of entry of judgment *(if any)* | | |
| (5) Notice of intention to move for new trial or motion to vacate the judgment, for judgment notwithstanding the verdict, or for reconsideration of an appealed order *(if any)* | | |
| (6) Ruling on one or more of the items listed in (5) | | |
| (7) Register of actions or docket *(if any)* | | |

APP-003

| CASE NAME:<br>RUIZ, BIANCA V. JACOB | SUPERIOR COURT CASE NUMBER:<br>19FL-0112 |
|---|---|

4. **NOTICE DESIGNATING CLERK'S TRANSCRIPT**

   b. **Additional documents.** *(If you want any documents from the superior court proceeding in addition to the items listed in 4a. above to be included in the clerk's transcript, you must identify those documents here.)*

   [X] I request that the clerk include in the transcript the following documents that were filed in the superior court proceeding. *(You must identify each document you want included by its title and provide the date it was filed or, if that is not available, the date the document was signed.)*

|   | Document Title and Description | Date of Filing |
|---|---|---|
| (8) | Plaintiff's Declaration re Respondent's TSP Account | 12-06-2021 |
| (9) | Plaintiff's Declaration in Response to Declaration re Job Search filed 11-24-2021 | 12-06-2021 |
| (10) | Plaintiff's Objections to Evidence to Respondent's Reply Declaration filed 11-24-2021 | 12-02-2021 |
| (11) | Plaintiff's Opposition to Respondent's Motion to Quash Plaintiff's Notice to Attend Hearing and Produce Documents | 11-29-2021 |

   [X] **See additional pages.** *(Check here if you need more space to list additional documents. List these documents on a separate page or pages labeled "Attachment 4b," and start with number (12).)*

   c. **Exhibits to be included in clerk's transcript**

   [ ] I request that the clerk include in the transcript the following exhibits that were admitted in evidence, refused, or lodged in the superior court. *(For each exhibit, give the exhibit number, such as Plaintiff's #1 or Defendant's A, and a brief description of the exhibit. Indicate whether or not the court admitted the exhibit into evidence. If the superior court has returned a designated exhibit to a party, the party in possession of the exhibit must deliver it to the superior court clerk within 10 days after service of this notice designating the record. (Rule 8.122(a)(3).))*

|   | Exhibit Number | Description | Admitted (Yes/No) |
|---|---|---|---|
| (1) | | | |
| (2) | | | |
| (3) | | | |
| (4) | | | |

   [ ] **See additional pages.** *(Check here if you need more space to list additional exhibits. List these exhibits on a separate page or pages labeled "Attachment 4c," and start with number (5).)*

5. **NOTICE DESIGNATING REPORTER'S TRANSCRIPT**

   *You must complete both a and b in this section if you checked item 2b(1) above indicating that you choose to use a reporter's transcript as the record of the oral proceedings in the superior court. Please remember that you must pay for the cost of preparing the reporter's transcript.*

   a. **Format of the reporter's transcript**
      I request that the reporters provide *(check one)*:

   (1) [X] My copy of the reporter's transcript in electronic format.

   (2) [ ] My copy of the reporter's transcript in paper format.

   (3) [ ] My copy of the reporter's transcript in electronic format and a second copy in paper format.

   *(Code Civ. Proc., § 271.)*

**APPELLANT'S NOTICE DESIGNATING RECORD ON APPEAL**
**(Unlimited Civil Case)**

APP-003

| CASE NAME: | SUPERIOR COURT CASE NUMBER: |
|---|---|
| RUIZ, BIANCA V. JACOB | 19FL-0112 |

**5. b. Proceedings**

I request that the following proceedings in the superior court be included in the reporter's transcript. *(You must identify each proceeding you want included by its date, the department in which it took place, a description of the proceedings (for example, the examination of jurors, motions before trial, the taking of testimony, or the giving of jury instructions), the name of the court reporter who recorded the proceedings (if known), and whether a certified transcript of the designated proceeding was previously prepared.)*

| | Date | Department | Full/Partial Day | Description | Reporter's Name | Prev. prepared? |
|---|---|---|---|---|---|---|
| (1) | 12-07-2021 | 4 | PARTIAL | REQUEST FOR ORDER HEARING | BRIANNA O'SULLIVAN | ☐ Yes  ☒ No |
| (2) | | | | | | ☐ Yes  ☐ No |
| (3) | | | | | | ☐ Yes  ☐ No |
| (4) | | | | | | ☐ Yes  ☐ No |

☐ See additional pages. *(Check here if you need more space to list additional proceedings. List these exhibits on a separate page or pages labeled "Attachment 5b," and start with number (5).)*

**6. NOTICE DESIGNATING PROCEEDINGS TO BE INCLUDED IN SETTLED STATEMENT**

*(You must complete this section if you checked item 2b(3) above indicating you choose to use a settled statement.)* I request that the following proceedings in the superior court be included in the settled statement. *(You must identify each proceeding you want included by its date, the department in which it took place, a description of the proceedings (for example, the examination of jurors, motions before trial, the taking of testimony, or the giving of jury instructions), the name of the court reporter who recorded the proceedings (if known), and whether a certified transcript of the designated proceeding was previously prepared.)*

| | Date | Department | Full/Partial Day | Description | Reporter's Name | Prev. prepared? |
|---|---|---|---|---|---|---|
| (1) | | | | | | ☐ Yes  ☐ No |
| (2) | | | | | | ☐ Yes  ☐ No |
| (3) | | | | | | ☐ Yes  ☐ No |
| (4) | | | | | | ☐ Yes  ☐ No |

☐ See additional pages. *(Check here if you need more space to list additional proceedings. List these proceedings on a separate page or pages labeled "Attachment 6," and start with number (5).)*

**7. a.** The proceedings designated in 5b or 6  ☒ include  ☐ do not include  all of the testimony in the superior court.

**b.** If the designated proceedings DO NOT include all of the testimony, state the points that you intend to raise on appeal. *(Rule 8.130(a)(2) and rule 8.137(d)(1) provide that your appeal will be limited to these points unless the Court of Appeal permits otherwise.)* Points are set forth: ☐ Below  ☐ On a separate page labeled "Attachment 7."

Date: **12-15-2021**

BIANCA KAYLENE RUIZ

(TYPE OR PRINT NAME)

▶ *Bianca Ruiz*

(SIGNATURE OF APPELLANT OR ATTORNEY)

**APPELLANT'S NOTICE DESIGNATING RECORD ON APPEAL
(Unlimited Civil Case)
- Page 98 -**

**FW-003**  **Order on Court Fee Waiver
(Superior Court)**

*Clerk stamps date here when form is filed.*

**FILED**

**NOV 17 2021**

NOCOMA SOBOLESKI, CLERK OF COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF KINGS
JUSTIN BROTHERSON, DEPUTY

**(1)** **Person who asked the court to waive court fees:**
Name: BIANCA KAYLENE RUIZ

Street or mailing address: 1353 W BISON DR

City: RIVERTON    State: UT    Zip: 84065

**(2)** **Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

~~PAUL LERANDEAU #143540~~
~~LACEY SANCHEZ #267180~~
~~LERANDEAU & LERANDEAU, LLC~~
~~265 E RIVER PARK CIRCLE, SUITE 490~~
~~FRESNO, CA 93720~~

*Fill in court name and street address:*

**Superior Court of California, County of**
KINGS
1640 KINGS COUNTY DRIVE
HANFORD CA 93230

*Fill in case number and name:*

**Case Number:**
19FL-0112

**Case Name:**
RUIZ, BIANCA v. JACOB

**(3)** A request to waive court fees was filed on *(date):*  11-15-2021

☐  The court made a previous fee waiver order in this case  on *(date):*

*Read this form carefully. All checked boxes* ☑ *are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for $10,000 or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:  ☑ *Request to Waive Court Fees*    ☐ *Request to Waive Additional Court Fees*
the court makes the following orders:

a. ☑ The court **grants** your request, as follows:

(1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 3.818.)* You do not have to pay the court fees for the following:
- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
- ☐ Jury fees and expenses
- ☐ Fees for court-appointed experts
- ☐ Other *(specify):* _____
- ☐ Fees for a peace officer to testify in court
- ☐ Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52  **Order on Court Fee Waiver (Superior Court)**  FW-003, Page 1 of 3

Electronically filed by Superior Court of California, County of Kings,11/16/2021 9:41 AM ,Manu Ponce

| Your name: | BIANCA KAYLENE RUIZ | Case Number: 19FL-0112 |
|---|---|---|

Name and address of court if different from above:

**Hearing Date** → Date: _____ Time: _____
Dept.: _____ Room: _____

_____
_____
_____

> **Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

NOV 17 2021

Date: _____

Signature of (check one): ☒ *Judicial Officer*    ☐ *Clerk, Deputy*

BRIAN N. CHASE

### Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

### Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _____, California, on the date below.
    ☐ A certificate of mailing is attached.

Date: _____

Clerk, by _____ , Deputy
Name: _____

**This is a Court Order.**


Electronically filed by Superior Court of California, County of Kings, 11/18/2021, 9:41, Martin Fonce

| SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF KINGS 1640 Kings County Drive  Hanford  California  93230 | FOR COURT USE ONLY |
|---|---|
| PETITIONER: BIANCA KAYLENE RUIZ | CONFORMED COPY ORIGINAL FILED ON NOV 1 9 2021 |
| RESPONDENT: JACOB RYAN RUIZ | SUPERIOR COURT OF THE STATE OF CALIFORNIA COUNTY OF KINGS JUSTIN BROTHERSON |
| **PROOF OF SERVICE** | CASE NUMBER: 19FL-0112 |

I hereby declare under penalty of perjury that I am employed by the Kings County Superior Court, over the age of eighteen (18) years, and not a party to the within action.

That on **November 19, 2021,** I served the following parties with **Order on Court Fee Waiver** by placing a true copy thereof, enclosed in a sealed envelope and deposited at my place of business for collection and mailing with the United States mail at Hanford, California, following our ordinary business practices with which I am readily familiar, addressed as follows:

| | |
|---|---|
| **Lacy Sanchez** **Lerandeau & Lerandeau, LLC** **265 E River Park Circle, Suite 490** **Fresno, CA 93720** **Attorney for Petitioner** | |

Executed on **November 19, 2021** at Hanford, California.

**Nocona Soboleski**, Clerk of Court

JUSTIN BROTHERSON

By: Justin Brotherson, Deputy Clerk

---

**PROOF OF SERVICE**

(Revised 01/09/18)

*Bianca Kaylene Ruiz v. Jacob Ryan Ruiz*
*Kings County Superior Court # 19FL-0112*
*4b Clerk's Transcript: Additional Documents*
*Page 1 of 3*

|      | DOCUMENT TITLE AND DESCRIPTION | FILED |
|------|-------------------------------|-------|
| (12) | Reply Declaration of Respondent | 11-24-2021 |
| (13) | Declaration re Job Search | 11-24-2021 |
| (14) | Plaintiff Bianca Kaylene Ruiz' Declaration Regarding Respondent's Living Expenses | 11-22-2021 |
| (15) | Motion to Quash Petitioner's Notice to Respondent to Attend Hearing and Produce Documents | 11-22-2021 |
| (16) | Plaintiff's Objections to Evidence to Respondent's RFO filed 10-04-2021 | 11-18-2021 |
| (17) | Responsive Declaration to Request for Order | 11-18-2021 |
| (18) | Notice of Stay of Proceedings | 11-12-2021 |
| (19) | Declaration of Bianca Kaylene Ruiz Rebutting the Cohabitation Presumption | 11-12-2021 |
| (20) | Notice to Respondent to Attend Hearing and Produce Documents | 11-15-2021 |
| (21) | Declaration of Bianca Kaylene Ruiz Regarding Funds Available to Respondent | 11-05-2021 |
| (22) | Declaration of Bianca Kaylene Ruiz Regarding Canyons School District | 11-03-2021 |
| (23) | Income and Expense Declaration | 11-03-2021 |
| (24) | Income and Expense Declaration | 10-04-2021 |
| (25) | Request for Order: Change: Child Support, Spousal or Partner Support, Attorney's Fees and Costs | 10-04-2021 |
| (26) | Minutes and Order | 06-22-2021 |

*Bianca Kaylene Ruiz v. Jacob Ryan Ruiz*
*Kings County Superior Court # 19FL-0112*
*4b Clerk's Transcript: Additional Documents*
*Page 2 of 3*

| | DOCUMENT TITLE AND DESCRIPTION | FILED |
|---|---|---|
| (27) | Income and Expense Declaration | 06-07-2021 |
| (28) | Responsive Declaration to Request for Order | 06-07-2021 |
| (29) | Income and Expense Declaration | 04-28-2021 |
| (30) | Request for Order: Change: Child Support, Spousal or Partner Support, Attorney's Fees and Costs | 04-28-2021 |
| (31) | Proof of Service to Plaintiff's Declaration re Respondent's TSP Account; Plaintiff's Declaration in Response to Declaration re Job Search filed 11-24-2021 | 12-06-2021 |
| (32) | Proof of Service to Plaintiff's Opposition to Respondent's Motion to Quash Plaintiff's Notice to Respondent to Attend Hearing and Produce Documents | 11-29-2021 |
| (33) | Proof of Service to Reply Declaration of Respondent and Declaration re Job Search | 11-24-2021 |
| (34) | Proof of Service to Plaintiff Bianca Kaylene Ruiz' Declaration Regarding Respondent's Living Expenses | 11-23-2021 |
| (35) | Proof of Service to Motion to Quash Petitioner's Notice to Respondent to Attend Hearing and Produce Documents | 11-22-2021 |
| (36) | Proof of Service to Plaintiff's Objections to Evidence to Respondent's RFO filed 10-04-2021; Responsive Declaration to Request for Order | 11-18-2021 |
| (37) | Proof of Service to Notice of Stay of Proceedings; Declaration of Bianca Kaylene Ruiz Rebutting the Cohabitation Presumption | 11-12-2021 |
| (38) | Proof of Service to Notice to Respondent to Attend Hearing and Produce Documents | 11-15-2021 |

*Bianca Kaylene Ruiz v. Jacob Ryan Ruiz*
*Kings County Superior Court # 19FL-0112*
*4b Clerk's Transcript: Additional Documents*
*Page 3 of 3*

|  | DOCUMENT TITLE AND DESCRIPTION | FILED |
|---|---|---|
| (39) | Proof of Service to Declaration of Bianca Kaylene Ruiz Regarding Funds Available to Respondent | 11-08-2021 |
| (40) | Proof of Service to Declaration of Bianca Kaylene Ruiz Regarding Canyons School District; Income and Expense Declaration Signed November 1, 2021 | 11-03-2021 |
| (41) | Proof of Service to Request for Order, Income and Expense Declaration, etc. | 11-04-2021 |
| (42) | Proof of Service to Responsive Declaration to Request for Order; Declaration of Disclosure (Final); Income and Expense Declaration and Schedule of Assets and Debts. | 06-07-2021 |
| (43) | Proof of Service to Request for Order; Income and Expense Declaration | 04-28-2021 |

**APP-009E**

| PROOF OF ELECTRONIC SERVICE (Court of Appeal) | |
|---|---|
| **Notice: This form may be used to provide proof that a document has been served in a proceeding in the Court of Appeal. Please read** *Information Sheet for Proof of Service (Court of Appeal)* **(form APP-009-INFO) before completing this form.** | |
| Case Name:  RUIZ, BIANCA V. JACOB<br>Court of Appeal Case Number:<br>Superior Court Case Number:  19FL-0112 | |

1.  At the time of service I was at least 18 years of age.

2.  a.  My  [×] residence  [ ] business      address is *(specify)*:
        1353 W BISON DR, RIVERTON UT 84065

    b.  My electronic service address is *(specify)*:  CLINT.J.LINDSEY@GMAIL.COM

3.  I electronically served the following documents *(exact titles)*:
    APP-003 APPELANT'S NOTICE DESIGNATING THE RECORD ON APPEAL (UNLIMITED CIVIL CASE) *AMENDED*

4.  I electronically served the documents listed in 3. as follows:

    a.  Name of person served:  WAYNE HARDCASTLE
        On behalf of *(name or names of parties represented, if person served is an attorney)*:
        JACOB RUIZ

    b.  Electronic service address of person served:  WAYNE@MHJ.LAW

    c.  On *(date)*:  DECEMBER 15, 2021

    [ ]  The documents listed in 3. were served electronically on the persons and in the manner described in an attachment *(write "APP-009E, Item 4" at the top of the page)*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  DECEMBER 15, 2021

**CLINT J LINDSEY**
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

▶ _____
(SIGNATURE OF PERSON COMPLETING THIS FORM)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
APP-009E [New January 1, 2017]

**PROOF OF ELECTRONIC SERVICE
(Court of Appeal)**
- Page 105 -

www.courts.ca.gov

# EXHIBIT 16

12-17-2021 Civil Case Information Statement

Court of Appeals Fifth Appellate District
Brian Cotta, Clerk/Executive Officer
Electronically RECEIVED on 12/17/2021 on 9.24.19 AM

Case 22-82000 Doc 1-1 Filed 01/05/22 Entered 01/05/22 13:19:36 Desc Part 1
Page 49 of 59
IN THE COURT O

Court of Appeal, Fifth Appellate District
Brian Cotta, Clerk/Executive Officer
Electronically FILED on 12/17/2021 by WMCCOY, Deputy Clerk

| COURT OF APPEAL, **FIFTH** APPELLATE DISTRICT, DIVISION _____ | COURT OF APPEAL CASE NUMBER *(if known)*:<br>F083648 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO:<br>NAME: BIANCA KAYLENE RUIZ<br>FIRM NAME:<br>STREET ADDRESS: 1353 W BISON DR<br>CITY: RIVERTON STATE: UT ZIP CODE: 84065<br>TELEPHONE NO.: 808-250-3396 FAX NO.:<br>E-MAIL ADDRESS: BIANCAKAYLENERUIZ@GMAIL.COM<br>ATTORNEY FOR *(name)*: APPELLANT IN PRO PER | FOR COURT USE ONLY |

| APPELLANT: BIANCA KAYLENE RUIZ |
|---|
| RESPONDENT: JACOB RYAN RUIZ |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS<br>STREET ADDRESS: 1640 KINGS COUNTY DRIVE<br>MAILING ADDRESS: 1640 KINGS COUNTY DRIVE<br>CITY AND ZIP CODE: HANFORD 93230<br>BRANCH NAME: HANFORD COURTHOUSE | |
|---|---|
| JUDGES *(all who participated in case)*: COMMISSIONER BRIAN N. CHASE | SUPERIOR COURT CASE NUMBER:<br>19FL-0112 |
| **CIVIL CASE INFORMATION STATEMENT** | |

**NOTE TO APPELLANT:** You must file this form with the clerk of the Court of Appeal within 15 days after the clerk mails you the notification of the filing of the notice of appeal required under rule 8.100(e)(1). You must attach to this form a copy of the judgment or order being appealed that shows the date it was entered (see Cal. Rules of Court, rule 8.104 for definition of "entered"). A copy of this form must also be served on the other party or parties to this appeal. (CAUTION: An appeal in a limited civil case (Code Civ. Proc., § 85) may be taken ONLY to the appellate division of the superior court (Code Civ. Proc., § 904.2) or to the superior court (Code Civ. Proc., § 116.710 [small claims cases]).

## PART I – APPEAL INFORMATION

A. APPEALABILITY

1. Appeal is from:
   - ☐ Judgment after jury trial
   - ☐ Judgment after court trial
   - ☐ Default judgment
   - ☐ Judgment after an order granting a summary judgment motion
   - ☐ Judgment of dismissal under Code Civ. Proc., § 581d, 583.250, 583.360, or 583.430
   - ☐ Judgment of dismissal after an order sustaining a demurrer
   - ☐ An order after judgment under Code Civ. Proc., § 904.1(a)(2)
   - ☒ An order or judgment under Code Civ. Proc., § 904.1(a)(3)–(13)
   - ☐ Other *(describe and specify code section that authorizes this appeal)*:

2. Does the judgment appealed from dispose of all causes of action, including all cross-actions between the parties?
   - ☐ Yes ☒ No *(If no, please explain why the judgment is appealable)*: AN ORDER MADE APPEALABLE BY THE FAMILY CODE.

B. TIMELINESS OF APPEAL *(Provide all applicable dates.)*

1. Date of entry of judgment or order appealed from: 12-07-2021
2. Date that notice of entry of judgment or a copy of the judgment was served by the clerk or by a party under California Rules of Court, rule 8.104: 12-07-2021
3. Was a motion for new trial, for judgment notwithstanding the verdict, for reconsideration, or to vacate the judgment made and denied?
   - ☐ Yes ☒ No *(If yes, please specify the type of motion)*:
     Date notice of intention to move for new trial (if any) filed:
     Date motion filed: Date motion denied: Date denial served:
4. Date notice of ☒ appeal or ☐ cross-appeal filed: 12-13-2021

C. BANKRUPTCY OR OTHER STAY

Is there a related bankruptcy case or a court-ordered stay that affects this appeal? ☒ Yes ☐ No
*(If yes, please attach a copy of the bankruptcy petition [without attachments] and any stay order.)*

Page 1 of 4

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>APP-004 [Rev. January 1, 2017] | **CIVIL CASE INFORMATION STATEMENT<br>(Appellate)** | *www.courts.ca.gov* |
|---|---|---|

**APP-004**

| APPELLATE CASE TITLE:<br>RUIZ V. RUIZ | APPELLATE COURT CASE NUMBER:<br>**F083648** |
|---|---|

D. **APPELLATE CASE HISTORY** *(Provide additional information, if necessary, on attachment I.D.)* Is there now, or has there previously been, any appeal, writ, or other proceeding related to this case pending in any California appellate court?
☐ Yes   ☒ No   (If yes, insert name of appellate court):
Appellate court case no.:                    Title of case:
Name of trial court:                         Trial court case no.:

E. **SERVICE REQUIREMENTS**

Is service of documents in this matter, including a notice of appeal, petition, or brief, required on the Attorney General or other nonparty public officer or agency under California Rules of Court, rule 8.29 or a statute?
☐ Yes   ☒ No   (If yes, please indicate the rule or statute that applies)

☐ Rule 8.29 (e.g., constitutional challenge; state or county party)   ☐ Code Civ. Proc., § 1355 (Escheat)
☐ Bus. & Prof. Code, §16750.2 (Antitrust)   ☐ Gov. Code, § 946.6(d) (Actions against public entities)
☐ Bus. & Prof. Code, § 17209 (Unfair Competition Act)   ☐ Gov. Code, § 4461 (Disabled access to public buildings)
☐ Bus. & Prof. Code, § 17536.5 (False advertising)   ☐ Gov. Code, § 12656(a) (False Claims Act)
☐ Civ. Code, § 51.1 (Unruh, Ralph, or Bane Civil Rights Acts; antiboycott cause of action; sexual harassment in business or professional relations; civil rights action by district attorney)   ☐ Health & Saf. Code, § 19954.5 (Accessible seating and accommodations)
   ☐ Health & Saf. Code, § 19959.5 (Disabled access to privately funded public accommodations)
☐ Civ. Code, § 55.2 (Disabled access to public conveyances, accommodations, and housing)   ☐ Pub. Resources Code, § 21167.7 (CEQA)
   ☐ Other (specify statute):

**NOTE: The rule and statutory provisions listed above require service of a copy of a party's notice of appeal, petition, or brief on the Attorney General or other public officer or agency. Other statutes requiring service on the Attorney General or other public officers or agencies may also apply.**

## PART II – NATURE OF ACTION

A. **Nature of action** *(check all that apply)*:
1. ☐ Conservatorship
2. ☐ Contract
3. ☐ Eminent domain
4. ☐ Equitable action   a. ☐ Declaratory relief   b. ☐ Other *(describe)*:
5. ☒ Family law
6. ☐ Guardianship
7. ☐ Probate
8. ☐ Real property rights   a. ☐ Title of real property   b. ☐ Other *(describe)*:
9. ☐ Tort
   a. ☐ Medical malpractice   b. ☐ Product liability
   c. ☐ Other personal injury   d. ☐ Personal property
   e. ☐ Other tort *(describe)*:
10. ☐ Trust proceedings
11. ☐ Writ proceedings in superior court
   a. ☐ Mandate (Code Civ. Proc., § 1085)   b. ☐ Administrative mandate (Code Civ. Proc., § 1094.5)
   c. ☐ Prohibition (Code Civ. Proc., § 1102)   d. ☐ Other *(describe)*:
12. ☐ Other action  *(describe)*:

B. ☐ This appeal is entitled to calendar preference/priority on appeal *(cite authority)*:

APP-004 [Rev. January 1, 2017]           **CIVIL CASE INFORMATION STATEMENT**
**(Appellate)**           Page 2 of 4

APP-004

| APPELLATE CASE TITLE: RUIZ V. RUIZ | APPELLATE COURT CASE NUMBER: F083648 |
|---|---|

## PART III – PARTY AND ATTORNEY INFORMATION

*In the spaces below or on a separate page or pages, list all the parties and all their attorneys of record who will participate in the appeal. For each party, provide all of the information requested on the left side of the page. On the right side of the page, if a party is self-represented please check the appropriate box and provide the party's mailing address, telephone number, fax number, and e-mail address. If a party is represented by an attorney, on the right side of the page, check the appropriate box and provide all of the requested information about that party's attorney.*

[ ] Responses to Part III are attached instead of below

Name of Party: BIANCA KAYLENE RUIZ

Appellate court designation:
[x] Appellant [ ] Respondent
Trial court designation:
[x] Plaintiff [ ] Defendant
[ ] Other *(specify):*

[ ] Represented by attorney [x] Self-represented
Name of attorney:
State Bar no:
Firm name:
Mailing address: 1353 W BISON DR, RIVERTON UT 84065

Telephone no.: 808-250-3396    Fax no:
E-Mail address: BIANCAKAYLENERUIZ@GMAIL.COM

Name of Party: JACOB RYAN RUIZ

Appellate court designation:
[ ] Appellant [x] Respondent
Trial court designation:
[ ] Plaintiff [x] Defendant
[ ] Other *(specify):*

[x] Represented by attorney [ ] Self-represented
Name of attorney: WAYNE HARDCASTLE
State Bar no: 074520
Firm name: MAROOT. HARDCASTLE & JOLLY
Mailing address: 429 N REDINGTON ST, HANFORD CA 93230

Telephone no.: 559-584-0131    Fax no: 559-584-7625
E-Mail address: WAYNE@MHJ.LAW

Name of Party: DEPARTMENT OF CHILD SUPPORT

Appellate court designation:
[ ] Appellant [ ] Respondent
Trial court designation:
[ ] Plaintiff [ ] Defendant
[x] Other *(specify):* REAL PARTY IN INTEREST

[✓] Represented by attorney [ ] Self-represented
Name of attorney:
State Bar no:
Firm name: COUNTY OF KINGS
Mailing address: 312 WEST 7TH STREET STE 201, HANFORD CA 93230

Telephone no.:    Fax no:
E-Mail address:

Name of Party:

Appellate court designation:
[ ] Appellant [ ] Respondent
Trial court designation:
[ ] Plaintiff [ ] Defendant
[ ] Other *(specify):*

[ ] Represented by attorney [ ] Self-represented
Name of attorney:
State Bar no:
Firm name:
Mailing address:

Telephone no.:    Fax no:
E-Mail address:

[ ] Additional pages attached
Date:
**DECEMBER 16, 2021**

This statement is prepared and submitted by:    *Bianca Ruiz*
(SIGNATURE OF ATTORNEY OR SELF-REPRESENTED PARTY)

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BIANCA KAYLENE RUIZ<br>1353 W BISON DR<br>RIVERTON UT 84065<br><br>TELEPHONE NO.: 808-250-3396     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: BIANCAKAYLENERUIZ@GMAIL.COM<br>ATTORNEY FOR *(Name)*: | **FILED**<br>11/12/2021 8:00 AM<br>Nocona Soboleski, Clerk of Court<br>Superior Court of the State of California<br>County of Kings<br>*Marilu Ponce*     **Deputy**<br>**Marilu Ponce** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS
 STREET ADDRESS: 1640 KINGS COIUNTY DRIVE
 MAILING ADDRESS: 1640 KINGS COUNTY DRIVE
 CITY AND ZIP CODE: HANFORD 93230
 BRANCH NAME: HANFORD COURTHOUSE

PLAINTIFF/PETITIONER: BIANCA KAYLENE RUIZ
DEFENDANT/RESPONDENT: JACOB RYAN RUIZ

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER:<br>19FL-0112 |
|---|---|
| | JUDGE: HON. BRIAN CHASE<br>DEPT.: 4 |

**To the court and to all parties:**

1. Declarant *(name):* BIANCA KAYLENE RUIZ

   a. [x] is  [x] the party  [ ] the attorney for the party  who requested or caused the stay.

   b. [ ] is  [ ] the plaintiff or petitioner  [ ] the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. [x] With regard to all parties.

   b. [ ] With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

   a. [x] Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. [ ] Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. [ ] Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. [ ] Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. [ ] Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: NOVEMBER 11, 2021

BIANCA KAYLENE RUIZ
_____
(TYPE OR PRINT NAME OF DECLARANT)

*Bianca Ruiz*
_____
(SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-180 [Rev. January 1, 2007] | **NOTICE OF STAY OF PROCEEDINGS** | Page 1 of 1<br><br>Cal. Rules of Court, rule 3.650<br>www.courts.ca.gov |
|---|---|---|

United States Bankruptcy Court
District of Utah

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed
under Chapter 7 of the United States Bankruptcy Code, entered on
11/10/2021 at 3:31 PM and filed on 11/10/2021.

**Bianca Kaylene Ruiz**
1353 West Bison Drive
Riverton, UT 84065
808-250-3396
SSN / ITIN: xxx-xx-4651



The case was assigned case number 21-24823.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
our *Internet* home page http://www.utb.uscourts.gov/ or at the Clerk's Office, 350 South Main #301, Salt Lake
City, UT 84101.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

David A. Sime
**Clerk, U.S. Bankruptcy Court**

of 2

11/10/2021, 3:31 PM

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF KINGS



**BIANCA KAYLENE RUIZ,**
Petitioner

vs.

**JACOB RYAN RUIZ,**
Respondent.

**Date: December 7, 2021**    Case Number: **19FL0112**
Court Commissioner: **Brian N. Chase**
Clerk: **Danielle Vesper / Rebecca Sanchez**
Court Reporter: **Brianna O'Sullivan**
Bailiff: **Nathaniel Hunt**
Attorneys:
    Petitioner: **Pro Per**
    Respondent: **V. Wayne Hardcastle**
    Other Parent:

---

## MINUTES AND ☒ ORDER

**NATURE OF HEARING:** ☒ Request for Order ☒ Support ☒ Fees & Costs ☒ Spousal Support

☐ Certified  Language
  Interpreter        assisting

☒ Petitioner present  with counsel via BlueJeans
☒ Respondent present via BlueJeans with counsel

☒ **THE COURT ORDERS** ☒ **MATTER TO BE CONTINUED TO**  March 10, 2022 AT 1:30 p.m.  in Department 4
**For  Evidentiary Hearing**
☒ **MATTER TO BE CONTINUED TO**  March 11, 2022 AT 8:15 a.m.  in Department 4
**For  Evidentiary Hearing**
☒ Petitioner ☐ Respondent ☐ Other Parent was served: ☐ personally on          ☒ by mail on 10/04/2021.
☐ proof of service on file. ☐ response on file.
☒ **Case called at 2:36 p.m. Discussions held regarding Request for Order filed by attorney Sanchez that is currently**
**set for hearing 12/27/2021. Parties stipulate to advance the hearing on Motion to be Relieved as Counsel set for hearing**
**12/27/2021 to be heard today. Petitioner stipulates to relieve attorney Sanchez. Court deems attorney Lacey Sanchez**
**relieved as Counsel and Petitioner is proceeding in Pro Per.**
**Counsel Hardcastle agrees to email a copy of today's Minute Order to Counsel Sanchez.**
**Counsel Hardcastle states his clients position for the record.**
**Discussions held. 3:07 p.m. Court takes recess.**
**3:55 p.m. case is recalled. All parties present again. Discussions held.**
**Court notes Petitioner's bankruptcy number 21-24823.**
**Court attaches the DissoMaster Calculation that was relied upon to make the current order filed 06/22/2021 to today's**
**Minute Order for reference purposes only.**
**Counsel Hardcastle states his client has 2002 Nissan Xterra and a Subaru.**
**Petitioner states she has a 2013 Audi in her possession.**
**Court notes based on the current circumstances and evidence before the Court, it does not make an order for attorney**
**fees and costs.**
**Counsel Hardcastle states the Respondent has made three payments of $506.85 for the 2013 Audi as of today's date.**
**Court provides Petitioner with a copy of local rules 722.**
**Witness and exhibit lists shall be exchanged and filed no later than 10 days before next hearing. The exhibits do not get**
**filed with the Court but shall be exchanged no later than 10 days before next hearing and 4 copies of each exhibit shall**
**be brought to the next hearing.**
**Petitioner shall use letters for their exhibits and Respondent shall use numbers for their exhibits.**
**Counsel Hardcastle and Petitioner both consent to electronic service.**

**COURT ORDERS:**
- [ ] Court adopts the  [ ] in full [ ] with modifications  [ ] see attachment(s)
- [ ] Matter referred to formal child custody recommending counseling. Appointment set for        at
      with        . [ ] All documents to be seen by child custody recommending counselor to be submitted   days prior to appointment.
      may call in for the counseling appointment.
- [ ] legal custody to        [ ] physical care & custody of        minor  to        .
- [ ] Primary residence with
- [ ] to maintain health insurance for the   if available at a nominal or reasonable cost.
- [ ] Each party pay for one-half of [ ] uncovered health care expenses [ ] work/school related childcare expenses.
- [ ] Each party to arrange and pay their own childcare expenses.
- [ ] to pay attorney fees in the sum of        payable at the rate of        per  commencing
      - [ ] with 10 day acceleration clause.
- [ ] Firearm restriction granted. [ ] Unlawful communication maybe recorded.
- [ ] Personal conduct restraint imposed as to; [ ] Petitioner [ ] Respondent
- [ ] Property restraint issued as to; [ ] Petitioner [ ] Respondent [ ] Mutually [ ]
- [ ] shall have use of: [ ] Residence        [ ] Vehicle        [ ]
- [ ] stay        from [ ] residence [ ] work place [ ] school [ ] child care facility [ ] vehicle
  - [ ] Other:
- [ ] Restraining orders [ ] temporary, pending next hearing [ ] remain in full force & effect for   months [ ]
- [ ] Exception(s):
- [ ] Stipulation approved and ordered
- [ ] to pay        Child Support at the rate of        per  on the        day of each  commencing        .
- [ ] to pay        Spousal Support at the rate of        per  on the        day of each  commencing

- [ ] Parties agree this is a non-guideline order and that the needs of the   will be met.
- [ ] to pay  support arrearage of        at the rate of        per  commencing        .
- [ ] Prior support orders        remain in effect. [ ]        joined into case.
- [ ] Wage assignment granted.        [ ] Support payable to Department of Child Support Services

**VISITATION:**

| Name of Child | Date of Birth | Monthly Guideline Support |
|---|---|---|
| Kevin Ruiz | 9/21/2009 | |
| Bethany Ruiz | 4/26/2011 | |
| | | |
| | | |
| | | |

- [ ] is to have visitation on the        weekend of the month from   at        until  at
- [ ] Parties share a week to week custodial arrangement, exchanges on   at
- [ ] Alternate weekends starting:        with  from  at        until  at
- [ ] visitation as follows:

- [ ] Holidays and special occasions shall take precedence over the regular scheduled plan and shall not break the continuity of the plan.

- [ ] If Monday is a holiday, visitation shall extend to
- [ ] Supervised visitation [ ] Supervisor        . Visits will be supervised according to the 2014 California Rules of Court, Standard 5.20. [ ] Costs
- [ ] to submit to  test [ ] and each pay for their own test. [ ] submit to random  testing [ ] and each pay for their own test.
- [ ] to pay for test in advance and provide notification to  to appear for test within        of notice depending on labs availability. If positive the  is to reimburse  . Any missed test is presumed a positive test.  to refrain from alcohol use   hours prior to and during visitation.  to totally refrain from illegal drug use.
- [ ] If during the visit, there is a concern for well being, law enforcement should be called.
- [ ] Visitation  if either party is under influence.
- [ ] No visitation with
- [ ]

**TRAN3PORTATION/TRAVEL/COMMUNICATION:**
- ☐      provide transportation
- ☑ Exchange at    ☐     minute grace period.
- ☐ Pickup at     and drop off at
- ☐ Exchange is to be at
- ☐ The   must be transported by licensed and insured driver. The vehicle must have legal child restraint devices.
- ☐ Right of first refusal
- ☐   shall have first right of refusal
- ☐ Other:
- ☐ Travel restriction with   ordered.     must
     have written permission from other parent or court order to take   out of
  - a.   ☐ The state of California.
  - b.   ☐ the following counties:
  - c.   ☐ other places:
- ☐ For out of   travel by either parent; notice to be provided no less than      days in advance of requested travel.
- ☐      may contact the   by telephone
- ☐ Notice of Rights and Responsibilities.
- ☐ All prior orders     in place.
- ☐   ordered to seek work at least      places per week between now and next Court date, to bring completed
  Employment Search List and copies of at least the first page of all job applications or business card and
  to appear at next court date.
- ☐ Date of marriage is     and date of separation is
- ☐ Judgment of Dissolution of Marriage be granted. Jurisdictional date of     .
- ☐ Judgment of Nullity be granted. ☐ Judgment of Legal Separation be granted.
- ☐ Finds there are ☐ Irreconcilable Differences ☐
- ☐ Finds there     minor   of the marriage.
- ☐ Each party waives spousal support and jurisdiction is terminated.
- ☐      Settlement Agreement approved and made a part of the Decree the same as if set forth in full therein, parties ordered
  to abide by the terms of said Agreement.
- ☐   restored use of former name of
- ☐ Each party waives   disclosure. ☐ Each party waives equal division of property   debts.
- ☐ Proposed Judgment approved. ☐   to prepare Judgment and Notice of Entry of Judgment and provide 2 envelopes
  addressed to each party with sufficient postage.
- ☐ Holidays and special occasions with the   shall be shared between parents as mutually agreed upon at least      in
  advance. In the event the parents do not agree, holidays and special occasions with the   shall be as follows:
- ☐ The parent shall mutually agree upon enrolling the children in any extracurricular activities, which infringes upon the time the
  are with the other parent.

☒ **Other Effective 12/01/2021 the Court orders Respondent to pay the debt in his name that is associated with the 2013 Audi that is in Petitioner's possession. Respondent shall receive a dollar for dollar credit towards his child and spousal support obligation.**
**Court reserves jurisdiction over the issues of Child and Spousal support to the date of filing.**
**Each party shall file an updated Income and Expense Declaration 10 days before the next hearing.**

Dated: December 7, 2021

**BRIAN N. CHASE**
                   **Brian N. Chase**
                   **Court Commissioner**

☒ Number of pages attached: 1

☒ **(For Reference Only) 06/22/2021 DissoMaster**
- ☐ Additional Orders (English).
- ☐ Additional Orders (Spanish)
- ☐ Notice of Rights and Responsibilities.
- ☐ Child Custody Recommending Counseling Report
- ☐

<table>
<tr><td>PREPARED BY (NAME AND ADDRESS):</td><td>TELEPHONE NO:</td><td>Superior Court Of The State of California, County of</td></tr>
</table>

| PREPARED BY (NAME AND ADDRESS): | TELEPHONE NO: | Superior Court Of The State of California, County of |
|---|---|---|
| **Commissioner Brian N. Chase**<br>**Kings County Superior Court**<br><br>**California** | | COURT NAME:<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>BRANCH NAME: |
| **DISSOMASTER REPORT**<br>2021, Monthly | | CASE NUMBER: |

| Input Data | Father | Mother | Guideline (2021) | | Cash Flow Analysis | Father | Mother |
|---|---|---|---|---|---|---|---|
| Number of children | 0 | 2 | **Nets (adjusted)** | | **Guideline** | | |
| % time with Secondary Parent | 15% | 0% | Father | 5,225 | Payment (cost)/benefit | (2,048) | 2,076 |
| Filing status | Single | HH/MLA | Mother | 2,607 | Net spendable income | 3,149 | 4,684 |
| # Federal exemptions | 1* | 3* | Total | 7,832 | % combined spendable | 40.2% | 59.8% |
| Wages + salary | 3,882 | 1,807 | **Support (Nondeductible)** | | Total taxes | 729 | (800) |
| 401(k) employee contrib | 0 | 0 | CS Payor | Father | # WHA | 2 | 4 |
| Self-employment income | 0 | 0 | Presumed | 1,690 | Net wage paycheck/mo | 3,116 | 1,634 |
| Other taxable income | 0 | 0 | Basic CS | 1,690 | Comb. net spendable | 7,832 | |
| Other nontaxable income | 2,102 | 0 | Add-ons | 0 | **Proposed** | | |
| New-spouse income | ~0 | 0 | Presumed Per Kid | | Payment (cost)/benefit | (2,518) | 2,549 |
| Wages + salary | 0 | 0 | Child 1 | 580 | Net spendable income | 3,244 | 4,656 |
| Self-employment income | 0 | 0 | Child 2 | 1,110 | NSI change from gdl | 95 | (28) |
| Misc ordinary tax. inc. | 0 | 0 | SS Payor | Father | % combined spendable | 41.1% | 58.9% |
| SS paid other marriage | 0 | 0 | Kings | 386 | % of saving over gdl | 140.7% | -40.7% |
| Retirement contrib if ATI | 0 | 0 | Total | 2,076 | Total taxes | 161 | (300) |
| Required union dues | 0 | 0 | **Proposed, tactic 9** | | # WHA | 10 | 3 |
| Nec job-related exp. | 0 | 0 | CS Payor | Father | Net wage paycheck/mo | 3,517 | 1,601 |
| Adj. to income (ATI) | 0 | 0 | Presumed | 1,914 | Comb. net spendable | 7,900 | |
| SS paid other marriage | 0 | 0 | Basic CS | 1,914 | Percent change | 0.9% | |
| Partner support paid other partnerships | 0 | 0 | Add-ons | 0 | Default Case Settings | | |
| CS paid other relationship | 0 | 0 | Presumed Per Kid | | | | |
| Qual. Bus. Inc. Ded. | 0 | 0 | Child 1 | 732 | | | |
| Health insurance | 30 | 0 | Child 2 | 1,182 | | | |
| Itemized deductions | 0 | 0 | SS Payor | Father | | | |
| Other medical expenses | 0 | 0 | Kings | 634 | | | |
| Property tax expenses | 0 | 0 | Total | 2,548 | | | |
| Ded. interest expense | 0 | 0 | Savings | 68 | | | |
| Charitable contribution | 0 | 0 | Total releases to Father | 2 | | | |
| Miscellaneous itemized | 0 | 0 | | | | | |
| Required union dues | 0 | 0 | | | | | |
| Mandatory retirement | 0 | 0 | | | | | |
| Hardship deduction | 0* | 0* | | | | | |
| Other gdl. deductions | 0 | 0 | | | | | |
| AMT info (IRS Form 6251) | 0 | 0 | | | | | |
| Child support add-ons | 0 | 0 | | | | | |
| TANF,SSI and CS received | 0 | 0 | | | | | |

(Rev. October, 2020)
DissoMaster™ 2021-2

**DissoMaster Report (Monthly)**
**Commissioner Brian N. Chase, Kings County Superior Court**
**- Page 115 -**

Page 1 of 1
12/7/2021 4:20 PM
19FL0112.dm

Case 22-02000   Doc 1-1   Filed 01/05/22   Entered 01/05/22 13:19:36   Desc Part 2
Page 58 of 59

Court of Appeal, Fifth Appellate District
Brian Cotta, Clerk/Executive Officer
Electronically RECEIVED on 12/17/2021 on 9.24.19 AM

APP-004

| APPELLATE CASE TITLE: | APPELLATE COURT CASE NUMBER: |
|---|---|
| RUIZ V. RUIZ | F083648 |

NOTICE TO PARTIES: A copy of this form must be served on the other party or parties to this appeal. If served by mail or personal delivery, A PARTY TO THE APPEAL MAY NOT PERFORM THE MAILING OR DELIVERY HIMSELF OR HERSELF. Electronic service is authorized only if ordered by the court or if the party served has agreed to accept electronic service. A person who is at least 18 years old must complete the information below and serve all pages of this document. When all pages of this document have been completed and a copy served, the original may then be filed with the court.

## PROOF OF SERVICE

☐ Mail    ☐ Personal Service    ☒ Electronic Service

1. At the time of service I was at least 18 years of age.
2. My residence or business address is (specify):
   1353 W BISON DR
   RIVERTON UT 84065

3. I mailed, personally delivered, or electronically served a copy of the *Civil Case Information Statement (Appellate)* as follows (complete a, b, or c):
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred and am not a party to this legal action.
      (1) I enclosed a copy in an envelope and
         (a) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:

         (c) Date of mailing:
         (d) Place of mailing (city and state):
   b. ☐ **Personal delivery.** I am not a party to this legal action. I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:
   c. ☒ **Electronic service.**  My electronic service address is (specify): CLINT.J.LINDSEY@GMAIL.COM
      I electronically served a copy as follows:
      (1) Name of person served: WAYNE HARDCASTLE
      (2) Electronic service address of person served: WAYNE@MHJ.LAW
      (3) On (date): 12-16-2021

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 12-16-2021

CLINT J. LINDSEY
(TYPE OR PRINT NAME)                    ▶              (SIGNATURE OF DECLARANT)

APP-004 [Rev. January 1, 2017]        **CIVIL CASE INFORMATION STATEMENT**        Page 4 of 4
                                        **(Appellate)**
                                        - Page 116 -

Court of Appeal Fifth Appellate District
Brian Cotta, Clerk/Executive Officer
Electronically RECEIVED on 12/17/2021 on 9:24:19 AM

**APP-004**

| APPELLATE CASE TITLE: | APPELLATE COURT CASE NUMBER: |
|---|---|
| RUIZ V. RUIZ | F083648 |

NOTICE TO PARTIES: A copy of this form must be served on the other party or parties to this appeal. If served by mail or personal delivery, A PARTY TO THE APPEAL MAY NOT PERFORM THE MAILING OR DELIVERY HIMSELF OR HERSELF. Electronic service is authorized only if ordered by the court or if the party served has agreed to accept electronic service. A person who is at least 18 years old must complete the information below and serve all pages of this document. When all pages of this document have been completed and a copy served, the original may then be filed with the court.

## PROOF OF SERVICE

☒ Mail        ☐ Personal Service        ☐ Electronic Service

1. At the time of service I was at least 18 years of age.
2. My residence or business address is *(specify):*
   1353 W BISON DR
   RIVERTON UT 84065

3. I mailed, personally delivered, or electronically served a copy of the *Civil Case Information Statement (Appellate)* as follows *(complete a, b, or c):*
   a. ☒ **Mail.** I am a resident of or employed in the county where the mailing occurred and am not a party to this legal action.
      (1) I enclosed a copy in an envelope **and**
         (a) ☒ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:  DEPARTMENT OF CHILD SUPPORT SERVICES
         (b) Address on envelope:
            COUNTY OF KINGS
            312 W 7TH ST SUITE 201
            HANFORD, CA 93230
         (c) Date of mailing: 12-16-2021
         (d) Place of mailing *(city and state):* DRAPER UT
   b. ☐ **Personal delivery.** I am not a party to this legal action. I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:



      (3) Date delivered:
      (4) Time delivered:
   c. ☐ **Electronic service.**    My electronic service address is *(specify):*
      I electronically served a copy as follows:
      (1) Name of person served:
      (2) Electronic service address of person served:
      (3) On *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12-16-2021

CLINT J. LINDSEY
_____
(TYPE OR PRINT NAME)

▶  _____
(SIGNATURE OF DECLARANT)

APP-004 [Rev. January 1, 2017]

**CIVIL CASE INFORMATION STATEMENT**
**(Appellate)**
- Page 117 -

Page 4 of 4

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ] [ Save this form ] [ Clear this form ]